**Michael STARK, Appellant,**

v.

**Jeffrey LAMBERT, Appellee.**

**No. 84–1351.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1984.

Decided Dec. 10, 1984.

Rehearing Denied Jan. 8, 1985.

**46**

Thomas A. Connelly, St. Louis, Mo., for appellant.

Kevin C. Roberts, St. Louis, Mo., for appellee.

Before BRIGHT, McMILLIAN and BOWMAN, Circuit Judges.

PER CURIAM.

Michael Stark appeals from a final judgment entered in the District Court[1] for the Eastern District of Missouri upon a jury verdict in favor of Jeffrey Lambert in a personal injury action. For reversal appellant argues that the district court erred in (1) giving a contributory negligence instruction to the jury, (2) refusing to grant a mistrial for juror misconduct, (3) refusing to grant a mistrial for improper cross-examination, and (4) refusing to apply retrospectively a recent decision of the Missouri Supreme Court adopting the doctrine of comparative fault.[2] We also requested supplementary briefs from the parties on the question of appellate jurisdiction. For the reasons discussed below, we conclude that appellant's notice of appeal was not timely filed and dismiss the appeal for lack of appellate jurisdiction. We are precluded from reviewing the merits of the appeal.

The facts may be briefly stated. On November 23, 1978, appellant's car and appellee's truck were involved in a collision at an intersection in the City of St. Louis. Appellant testified that he slowly approached the intersection at about 10–15 m.p.h., had a clear view of the intersection, did not see any vehicles approaching the intersection, and had almost driven through the intersection when his car was hit broadside by appellee's truck. Appellee testified that he approached the intersection at about 10–15 m.p.h., did not see the intersection stop sign because it was obstructed by a large recreational vehicle parked at the corner, slowed to about 5 m.p.h. through the intersection, and did not see appellant's car until just before the collision. Appellee presented evidence that appellant drove through the intersection at about 40–45 m.p.h.

Appellant brought this diversity action in federal court for damages as a result of the collision. The case was tried to a jury in September 1983. On September 16, 1983, the jury returned a verdict in favor of appellee and the court entered judgment on September 16. Appellant filed a motion for new trial on September 26, 1983. The district court denied the motion for new trial on October 28, 1983. Appellant then filed a motion for reconsideration of the denial of the motion for new trial on November 21, 1983, and an amended motion for reconsideration on December 7, 1983. The motions for reconsideration raised the issue of the nonretrospective application of the newly

---

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

2. *Gustafson v. Benda,* 661 S.W.2d 11 (Mo.1983) (banc). The Missouri Supreme Court adopted the doctrine of pure comparative fault in accordance with the Uniform Comparative Fault Act §§ 1–6, 12 U.L.A. 35–45 (Supp.1983), 661 S.W.2d at 15, and held that "[e]xcept for the instant case and interim cases where the parties can mutually agree, comparative fault shall apply only in cases in which the trial begins after the date of publication of this opinion in the advance sheets of the Southwestern Reporter." *Id.* The opinion was filed November 22, 1983.

adopted doctrine of comparative negligence in Missouri. The district court denied the motions for reconsideration on March 6, 1984. Appellant then filed a notice of appeal on March 16, 1984.

The narrow issue we must address in this appeal is whether the notice of appeal filed on March 16, 1984, was timely filed. Fed.R.App.P. 4(a) requires that a timely notice of appeal must be filed within 30 days of the entry .of the order which is appealed. Fed.R.App.P. 4(a)(4) provides, however, that the running of the 30 day period will be tolled by the filing of certain motions: motions for judgment under Fed.R.Civ.P. 50(b), motions to amend or make additional findings of fact under Fed.R.Civ.P. 52(b), motions to alter or amend the judgment under Fed.R.Civ.P. 59, and motions for new trial under Fed.R.Civ.P. 59. The rule further provides that the 30 day period begins to run again from the entry of the order denying a new trial or granting or denying any other such motion. Fed.R.App.P. 4(a)(4).

In the present case, the judgment was entered September 16, 1983. Appellant timely filed a motion for new trial on September 26; the denial of the motion for new trial was entered on October 28, 1983. The 30 day period began to run again. Instead of filing a notice of appeal, appellant filed within 30 days a motion for reconsideration of the denial of the motion for new trial and an amended motion for reconsideration. The denial of the motions for reconsideration was entered March 6, 1984, and appellant then filed a notice of appeal on March 16, 1984. Appellant's notice of appeal would be timely filed only if the filing of the motions for reconsideration of the denial of the motion for new trial operated to toll the running of the 30 day period under Fed.R.App.P. 4(a) until the entry of the order denying the motions for reconsideration. This argument must fail. "[A] motion to reconsider a motion for a new trial is not *itself* a motion for a new trial, and is therefore insufficient to toll the running of the time period in which to file a notice of appeal." *American Security Bank v. John Y. Harrison Realty, Inc.*,

216 U.S.App.D.C. 159, 670 F.2d 317, 319 (1982) (emphasis in original); *see Wansor v. George Hanstcho Co.*, 570 F.2d 1202, 1206 (5th Cir.1978). *Cf. Harrell v. Dixon Bay Transportation Co.*, 718 F.2d 123, 126–29 (5th Cir.1983) (amended judgment).

Appellant's notice of appeal was not filed within 30 days of the entry of the order denying the motion for new trial. The filing of a timely notice of appeal is a jurisdictional requirement. Accordingly, the appeal is dismissed for lack of appellate jurisdiction.