**UNITED STATES of America, Appellee,**

v.

**James Raymond WHITFORD, Appellant.**

**No. 84–1357.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1984.

Decided April 1, 1985.

Gary J. Shea, Cedar Rapids, Iowa, for appellant.

Robert L. Teig, Asst. U.S. Atty., Cedar Rapids, Iowa, for appellee.

Before HEANEY, ROSS and FAGG, Circuit Judges.

ROSS, Circuit Judge.

James Raymond Whitford appeals the district court's[1] denial of his 28 U.S.C. § 2255 motion to vacate his plea of guilty and his sentence, and the district court's denial of his motion to reconsider its previous ruling. For the reasons discussed below, we determine that we lack jurisdiction

to review the denial of the section 2255 motion, and affirm the order denying the motion to reconsider.

On December 14, 1982, appellant, with his court-appointed counsel, entered a plea of guilty to violating 18 U.S.C. §§ 2, 371, 876, and 1341 by engaging in a scheme to extort money from a food product wholesaler. On January 10, 1983, appellant was sentenced to two five-year terms, to be served consecutively.

Whitford filed a timely *pro se* notice of appeal on January 18, 1983, which was later dismissed for failure to prosecute. On May 5, 1983, appellant's counsel filed a FED.R.CRIM.P. 35(b) motion on appellant's behalf asking the trial court to either reduce the term of years for the consecutive sentences or to run the sentences concurrently. The trial court denied the motion to reduce or modify appellant's sentence on May 25, 1983.

On December 6, 1983, Whitford filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 which was denied in part on January 13, 1984. Following the government's response to the motion, the remainder was denied on February 9, 1984, without an evidentiary hearing. On February 23, 1984, appellant filed a motion to reconsider the February 9, 1984 denial of his section 2255 motion. On March 14, 1984, appellant filed a notice of appeal relating to the January 13, 1984 district court order.

Then on April 3, 1984, the district court construed appellant's motion to reconsider as a Rule 60(b)(2) motion for relief from judgment, stated expressly that as such it did not extend the time for an appeal and denied the motion to reconsider the February 9, 1984 denial of the section 2255 motion. On April 13, 1984, appellant filed a notice of appeal of the April 3, 1984 order.

Whitford seeks appellate review of the district court's denial of his section 2255 motion and argues that a timely notice of appeal was filed. The government, how-

---

1. The Honorable Edward J. McManus, Chief Judge, United States District Court for the     Northern District of Iowa.

ever, asserts that this court lacks jurisdiction to review the merits of the denial of section 2255 relief because neither notice of appeal was filed within the jurisdictional time requirements. We agree.

 After examining appellant's motion to reconsider, the district court's order of April 3, 1984, and the notices of appeal we conclude that we have no jurisdiction to review the January 13, 1984 and February 9, 1984 orders of the district court because a timely notice of appeal was not filed as to those orders. Rule 11 of the Rules Governing Section 2255 Cases provides that the time for appeal from an order entered on a motion for relief made pursuant to these rules is as provided in Rule 4(a) of the Federal Rules of Appellate Procedure. 28 U.S.C. foll. § 2255. Rule 4(a) of the Federal Rules of Appellate Procedure requires that a timely notice of appeal must be filed within 60 days of the entry of the order which is appealed if the United States is a party. Although this 60-day appeal period may be tolled by a timely motion filed pursuant to Rules 50(b), 52(b) or 59 of the Federal Rules of Civil Procedure, the applicable time limitations are not suspended by a motion pursuant to Rule 60(b). *Cline v. Hoogland*, 518 F.2d 776, 778 (8th Cir.1975). The district court construed the motion to reconsider as a Rule 60(b) motion which was permissible. *See generally Stark v. Lambert*, 750 F.2d 45, 47 (8th Cir.1984) (motion to reconsider denial of new trial does not toll appeal time).

On March 14, 1984, appellant filed his first notice of appeal, but it was not timely with respect to the court's order of January 13, 1984. *See Campbell v. White*, 721 F.2d 644, 645–46 (8th Cir.1983). Then on April 13, 1984, appellant filed another notice of appeal. However, appellant did not appeal the district court's February 9 order denying the remainder of his section 2255 motion; instead he appealed the April 3 order denying his Rule 60(b) motion to reconsider. This notice of appeal was not, in any event, timely with respect to the court's February 9 order denying section 2255 relief because the notice was not filed within 60 days of the date of entry of that order, but it was timely with respect to the April 3, 1984 order denying the motion to reconsider. *See Lang v. Wyrick*, 590 F.2d 257, 259 (8th Cir.1978). Thus we may only decide whether the district court abused its discretion in denying the motion to reconsider, and not the underlying decision denying section 2255 relief. *Browder v. Director, Ill. Dept. of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978).

 We find that the district court did not abuse its discretion in denying appellant's motion to reconsider. Appellant failed to state any grounds upon which he could justify relief from judgment under Rule 60(b). The motion to reconsider merely restated the arguments presented in the section 2255 motion. Appellant failed to raise any newly discovered issues of material fact not known to the district court at the time of filing the section 2255 motion. Quite simply, appellant made no showing which would warrant reconsideration by the district court of the denial of the section 2255 motion. Under these circumstances we can find no abuse of discretion in the April 3, 1984 order of the district court.

The appeal as it relates to the denial of the section 2255 motion entered on January 13, 1984, and February 9, 1984, is dismissed for lack of jurisdiction. The order of April 3, 1984, is affirmed.