# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3887

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| James Zantrese Austin, also known | * | |
| as Dirty, also known as Little James, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 9, 2000
Filed: June 28, 2000

_____

Before BOWMAN, LOKEN, and BYE, Circuit Judges.

_____

BOWMAN, Circuit Judge.

James Austin pleaded guilty to drug charges pursuant to an agreement with the government. At his sentencing hearing, the District Court pronounced that it would apply a two-level enhancement for Austin's leadership role in a criminal enterprise called the Oak Street Posse. See U.S.S.G. § 3B1.1. After the hearing, but before the District Court filed its formal judgment and sentence, the government filed a motion. Styled "Motion for Reconsideration of Sentence," the document asked the Court to increase the § 3B1.1 enhancement from two to four levels. The District Court nevertheless entered a sentence and judgment consistent with its oral pronouncement.

The government subsequently filed a "Supplemental Motion for Reconsideration and for Hearing," also seeking a change in the sentence. Austin filed a response including a motion seeking imposition of no § 3B1.1 enhancement and also requesting a hearing. The District Court, fifteen days after entry of the formal sentence and judgment, ruled on the motions by entering an order imposing a recalculated sentence. The amended sentence, based on a change in the § 3B1.1 enhancement from two to three levels, extended Austin's term of incarceration by 16 months, from 172 to 188.

Austin then filed his notice of appeal, which specifies that he appeals both his original and revised sentences. For the reasons discussed below, we hold that we do not have jurisdiction over his untimely appeal of his original sentence. His appeal from the revised sentence, however, is timely, and we conclude that the District Court was without jurisdiction to alter Austin's sentence. We therefore vacate the order purporting to do so, and remand the case for reimposition of the original sentence.

A timely notice of appeal is mandatory and jurisdictional. See United States v. Petty, 82 F.3d 809, 810 (8th Cir. 1996) (per curiam). We raise the issue sua sponte even if the parties appear to concede jurisdiction. See United States v. Duke, 50 F.3d 571, 574 (8th Cir.), cert. denied, 516 U.S. 885 (1995). The federal rules accord Austin ten days from "the entry of either the judgment or the order being appealed," Fed. R. App. P. 4(b)(1)(A)(i), to file a notice of appeal. Austin's notice, filed nearly a month after the original sentence and judgment was entered, is patently late as to that judgment.

Austin apparently believed that the period for filing a notice of appeal did not begin until the District Court ruled on the parties' post-sentencing motions. Cf. United States v. Ibarra, 502 U.S. 1 (1991) (per curiam) (holding that motion to reconsider order suppressing evidence made order non-final and thus appeal after reconsideration was timely). While the federal rules provide for a renewed appeals period after a ruling on some post-judgment motions, see Fed. R. App. P. 4(b)(3)(A), a motion for

"reconsideration" is not listed among them. We therefore must determine whether Austin's appeal is timely for some other reason.

We begin by examining the motions for reconsideration. The parties did not cite any federal rule or any other authority suggesting the District Court even had the power to amend Austin's sentence. A federal statute actually prohibits such amendment. <u>See</u> 18 U.S.C. § 3582(c) (1994 & Supp. IV 1998) ("The court may not modify a term of imprisonment once it has been imposed . . . ."). While the statute contains exceptions, only one is even arguably applicable here: "[T]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by . . . Rule 35 of the Federal Rules of Criminal Procedure . . . ." <u>Id.</u> § 3582(c)(1)(B).

Rule 35, in turn, only has one potentially applicable provision, which allows that "[t]he court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(c). Thus, more than seven days after the imposition of Austin's sentence, the District Court had no jurisdiction to alter it, even if the sentence was legally erroneous. <u>See</u> <u>United States v. Abreu-Cabrera</u>, 64 F.3d 67, 73 (2nd Cir. 1995) (collecting cases); <u>see also</u> <u>United States v. Lopez</u>, 26 F.3d 512, 515-18 (5th Cir. 1994) (per curiam) (explaining developments leading to promulgation of Rule 35(c) as codification of and limit on courts' inherent power to reconsider sentences).

While a timely Rule 35(c) motion arguably makes the original sentence non-final, any justification for a renewed appeal period could not extend past the District Court's seven-day authority to grant a Rule 35(c) motion. A closer case would present several nice questions, such as whether the oral pronouncement or formal entry of sentence started the seven-day period, <u>see</u> Andrew P. Rittenberg, Comment, <u>"Imposing" a Sentence Under Rule 35(c)</u>, 65 U. Chi. L. Rev. 285, 295-303 (1998) (discussing circuit split on this issue), or whether a motion under Rule 35(c) makes the original sentence non-final at all, <u>see</u> <u>United States v. Barraan-Mendoza</u>, 174 F.3d 1024, 1031-1032 (9th Cir. 1999) (Graber, J., dissenting) (arguing that it does not). But even if we applied the

most favorable rule for Austin, that the period for filing a notice of appeal was extended by seven days beginning upon formal entry of judgment, see United States v. Morillo, 8 F.3d 864, 869 (1st Cir. 1993), Austin's notice of appeal would still be too late. To reach this conclusion, we do consider and reject the view of United States v. Corey, 999 F.2d 493, 494-96 (10th Cir.), cert. denied, 510 U.S. 1001 (1993), that a timely Rule 35(c) motion creates a new ten-day appeals period beginning whenever the court acts on the motion. The text of Rule 35(c) plainly commands the court to act within seven days, and thus after seven days the motion is effectively denied and any doubt concerning the finality of the sentence is ended. See Morillo, 8 F.3d at 869; see also United States v. Carmouche, 138 F.3d 1014, 1022-23 (5th Cir. 1998) (Duhe, J., specially concurring) (suggesting that Fifth Circuit en banc abandon rule beginning appeals period whenever court decides Rule 35(c) motion). We need not, and do not, decide more than to reject Corey.

Austin's appeal from his original sentence must be dismissed as untimely. Normally, when a criminal defendant's notice of appeal is fewer than thirty days late, as here, we remand to the district court to consider findings of excusable neglect. See Petty, 82 F.3d at 810 (discussing Fed. R. App. P. 4(b)). That is unnecessary in this case, because we ultimately remand for reimposition of the original sentence, see, e.g., Lopez, 26 F.3d at 523 (so ordering), which will result in a new final judgment, from which either party may file a timely notice of appeal.

By contrast, we do have jurisdiction over Austin's appeal from his revised sentence. The notice of appeal timely followed the District Court's post-judgment order imposing a revised sentence, which is a separate final judgment. As we have stated, the District Court was without authority to enter such an amended sentence and the order imposing it must be vacated. Moreover, because the order amending Austin's sentence was entered without jurisdiction itself, it cannot give us jurisdiction over the original sentence.

Austin does not articulate the precise argument that the District Court lacked jurisdiction to change the original sentence. He asserts instead that the District Court abused its discretion because it should have held a hearing and made certain findings before altering the sentence. While Austin does not specify the correct legal theory, he has sufficiently resisted the resentencing in the District Court and before this Court to allow us to reach the issue. More importantly, because the District Court's error was jurisdictional in nature, it cannot be waived. See United States v. Morrison, 204 F.3d 1091, 1093 (11th Cir. 2000).

We do not consider Austin's other arguments. To the extent they apply to the first sentence, we have no jurisdiction to consider them because that appeal is untimely. To the extent they apply to the revised sentence, they are moot because that sentence was imposed without jurisdiction. We vacate the order of the District Court amending Austin's sentence and remand for reimposition of the original sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-