In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1675

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KENNETH A. WISCH,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99-CR-608--Harry D. Leinenweber, Judge.

Argued September 26, 2001--Decided December 26, 2001

Before FLAUM, Chief Judge, and COFFEY and MANION, Circuit Judges.

COFFEY, Circuit Judge.  Kenneth A. Wisch was indicted on twenty-two counts of violating the Brady Handgun Violence Prevention Act, 18 U.S.C. sec. 921 et seq. Wisch pled guilty to each one of the counts and was sentenced to thirty-seven months in prison and a three-year term of supervised release, with the sentences of incarceration and parole to run concurrent on all counts. Wisch also was fined $6,000. Thereafter, Wisch filed a motion asking the district court to correct or modify the sentence, arguing that the sentencing guidelines had been misapplied in one or more respects. The trial judge denied the motion, and Wisch appeals. We affirm.

I.  FACTUAL BACKGROUND

Wisch is a federally-licensed firearms salesman in south suburban Chicago. Under federal law, all such dealers must maintain certain records, known as Form 4473s, which memorialize information about the weapons sold and the purchasers of those weapons. Some of this information includes: (1) the type and serial number of the weapon; (2) the address, date and place of birth of the customer; and (3) the criminal history of the customer. Furthermore, the purchaser

of a firearm must certify on Form 4473 that he is neither a convicted felon, an illegal alien, a drug addict, nor a fugitive from justice. It is unlawful for a dealer to do business with someone who refuses to affirmatively attest to these facts.

In order to ensure that firearms dealers are following the law and keeping accurate records, the Bureau of Alcohol, Tobacco and Firearms ("ATF") routinely reviews the data submitted by dealers to the federal government. Through its normal law enforcement activities, ATF became aware that some of Wisch's Form 4473s contained various inconsistencies and misstatements. A subsequent, more detailed federal probe coordinated by several ATF agents led the bureau to conclude that Wisch was conspiring to falsify records in order that unidentified individuals could obtain guns without revealing their true identities on the forms that Wisch filed with the government.

A grand jury returned a true bill against Wisch in August 1999, and an ATF agent interviewed him shortly thereafter. Wisch admitted to the illicit sale of several guns that the agency had recovered in connection with several crimes committed by other individuals in the Chicago area, including a homicide, an auto burglary, and a handful of drug- and gang-related shootings. Wisch also allowed the agent to review his customer registry, and the agent concluded that Wisch had falsely completed more than one hundred Form 4473s, usually by forging signatures on the documents. The agency further concluded that Wisch had sold more than sixty firearms to straw purchasers, with full knowledge that these buyers were providing him with phony names and government identification cards to obtain weapons without subjecting themselves to federal background checks.

Rather than proceed to trial, Wisch, with the assistance of counsel, pled guilty to the twenty-two charges against him./1 The district judge accepted the plea, referred the matter to the probation department for a pre-sentence report, and continued the matter for a sentencing hearing. After reviewing the sentencing guidelines and the client

information as applicable to the offenses charged in the indictment, a probation officer recommended the application of a six-level enhancement authorized by U.S.S.G. sec. 2K2.1(b)(1)(F) for persons who illegally traffic in more than fifty firearms. Because Wisch chose to sell small, semi-automatic weapons to customers who were concealing their true identities and criminal backgrounds, the officer also recommended the imposition of a four-level enhancement allowed by sec. 2K2.1(b)(5) for the possession or transfer of any firearm "with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense."

At sentencing, Wisch's attorney attacked only one aspect of the sentencing report: the enhancement under sec. 2K2.1(b)(5). Counsel began with the premise that the Second Amendment protects the freedom of law-abiding citizens to receive and possess handguns within the confines of the criminal law. Unfortunately, as counsel acknowledged, handguns are also a preferred weapon of criminals. Therefore, due to the nature of demand in the relevant market, some foreseeable number of legally-sold guns are bound inevitably to be resold or transferred to persons who will use them to commit felonies. Counsel went on to argue that gun dealers should not be liable for the subsequent misconduct of their customers because such activity is beyond the intent or control of the dealers.

We interpret counsel's argument to have been that weapons vendors should not be eligible for a sec. 2K2.1(b)(5) enhancement if the basis for such an enhancement is activity that is lawful, i.e., the sale of guns by a federally licensed dealer. In response, the district judge reasoned that Wisch pled guilty to behavior which cannot even remotely be equated to that of a law-abiding salesperson. Unlike other gun dealers who market weapons exclusively to legitimate patrons with valid state-issued firearms owner's permits, and who fill out the government registration forms truthfully and accurately, Wisch's guilty plea to the charges made in the indictment established that he: (1) knowingly recorded false and fraudulent information about the names of his customers; and (2) wilfully sold handguns

without recording the proper names, ages, and places of residence of his customers. For these reasons and others detailed in the record, the trial judge concluded that Wisch had an ample basis to infer that some of his clients were felons or straw purchasers for felons and that his weapons would be used in criminal activity. The court, therefore, imposed upon Defendant Wisch a sec. 2K2.1(b)(5) enhancement. See United States v. Martin, 78 F.3d 808 (2d Cir. 1996) (affirming similar ruling when dealer falsified Form 4473s in connection with the sale of multiple low-grade handguns to same group of customers). The court determined that Wisch had an overall offense level of nineteen points, which yields a sentencing range of thirty to thirty-seven months. After further review, the court sentenced Wisch to the maximum allowable term of imprisonment, a three-year term of supervised release, and a fine of $6,000.

## II. DISCUSSION

Wisch substituted attorneys shortly after the sentencing hearing, and his new counsel, who also is currently representing him on appeal, filed a "Motion To Correct Or Modify Sentence By A Person Who Was Sentenced To Federal Custody." The motion asked the district court to reconsider the sentence on the grounds that: (1) the court had erroneously applied the sentencing guidelines; and (2) Wisch's prior attorney had rendered ineffective assistance by failing to oppose the sec. 2K2.1(b)(1)(F) enhancement at the sentencing hearing. The judge held a hearing and construed the Motion To Correct as being filed under Rule 35(c) of the Federal Rules of Criminal Procedure. Rule 35(c) provides that the district court, "acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." The district judge focused on Wisch's first argument and ruled that he lacked the authority to grant the motion, stating, "Well, it appears to me that, clearly, this is not the type of error that can be corrected, anyway. So, the motion to modify is denied." (Tr. at 6 (Mar. 9, 2001)).

In this appeal, defense counsel claims

that the district judge misunderstood the essence of the Motion To Correct. The motion, counsel says, was a collateral petition for habeas relief under 28 U.S.C. sec. 2255, rather than a simple motion for reconsideration under Rule 35(c). Counsel urges us to issue a certificate of appealability, delve into the merits of Wisch's constitutional challenge, and also consider the question of whether the district judge clearly erred when he applied the sentencing guidelines. We decline to do so. We conclude that the motion was properly construed as having been filed under Rule 35(c), and we hold that the trial court was without jurisdiction to hear the motion.

A.  Reading Pleadings

   In situations like this, when an appellant who was represented by counsel argues that his pleadings have been misconstrued, we review the district court's ruling for clear error. On the one hand, to be sure, the court could have interpreted the motion as being a sec. 2255 petition. The motion was styled as a "Motion To Correct Or Modify Sentence By A Person Who Was Sentenced To Federal Custody," and it set forth facts and legal arguments in the format and order suggested by Rule 2(b) of the Rules Governing Section 2255 Proceedings. But on the other hand, the motion neither invoked nor even referred to sec. 2255 or any other procedural rule. Allegations that the district judge misapplied the sentencing guidelines are not reviewable under sec. 2255. Scott v. United States, 997 F.2d 340 (7th Cir. 1993). Furthermore, Wisch's appellate counsel has not supplied us with any extrinsic evidence, much less case law, that would tend to support his ineffective assistance claim, despite our repeated statements that such challenges almost always depend on the production of evidence outside the initial record, such as an explanation from trial counsel about the reasons for his decisions. See, e.g., United States v. Kellum, 42 F.3d 1087, 1095 (7th Cir. 1994) (citing Guinan v. United States, 6 F.3d 468, 471 (7th Cir. 1993)); see also United States v. Bradford, 78 F.3d 1216, 1225 (7th Cir. 1996) (finding no ineffective assistance when counsel failed to argue for downward departure for which defendant was

ineligible).

Moreover, when Wisch's attorney argued this motion at the trial court level, he gave no indication that the request was brought pursuant to anything other than Rule 35(c). The Government believed Wisch was proceeding under this rule; it filed a brief in opposition arguing that the court could not consider the motion because the rule's seven-day period for correcting sentences had expired. The Government again raised this objection in open court. At that time, the trial judge proceeded to read aloud the text of Rule 35(c), thereby inviting defense counsel either to dispute the Government's interpretation of the rule or to inform the court that the Government's argument was irrelevant to the instant proceedings because, in fact, the pleading was a habeas petition rather than a motion to reconsider. Instead of stating that he was proceeding under sec. 2255, defense counsel tried to convince the district judge that his motion was timely filed. Why argue 35(c)'s statute of limitations if you are not bringing a 35(c) motion? Finally, when asked about the basis of his motion, counsel responded that he was requesting the court to "reconsider how the Government computed the defendant's sentence." (Tr. at 5 (Mar. 9, 2001)). A request of this nature can come only under Rule 35(c), Scott, 997 F.2d at 341, and even then must be limited to a claim of "arithmetical, technical, or other clear error," Fed. R. Crim. P. 35(c), rather than a quarrel with the court's discretionary application of the guidelines to the facts of the offense. See United States v. Porretta, 116 F.3d 296, 300 (7th Cir. 1997); United States v. Dumont, 936 F.2d 292, 296-97 (7th Cir. 1991).

Dozens of pleadings cross the desks of our district judges every day. When a motion fails to invoke any specificprocedural rule, and the district court refuses to grant a hearing, the court "must look to the motion's substance, including the relief requested, in order to properly characterize it." United States v. Morillo, 8 F.3d 864, 867 (1st Cir. 1993). If the court affords the parties an opportunity to be heard, the moving party has an obligation to make clear the precise nature and procedural basis of

his motion. In this case, the district court clearly indicated its intent to construe Wisch's filing as a 35(c) petition, and defense counsel went along with the court without objection. Such a construction decidedly works to Wisch's benefit, given AEDPA's limits on post-conviction proceedings. We are not convinced that the trial judge committed clear error. See id. at 868 (finding a "motion to correct sentence" to be "the functional equivalent" of a Rule 35(c) motion). Cf. Henderson v. United States, 264 F.3d 709 (7th Cir. 2001) (discussing procedural safeguards required prior to conversion of mislabeled Rule 33 motion into sec. 2255 petition); Fed. R. Civ. P. 12(c).

B.  7-Day Jurisdictional Window

Having concluded that Wisch's Motion To Correct was brought under Rule 35(c), we thus review de novo the legal question of whether the district court had jurisdiction, under the rule, to grant Wisch's request for relief. United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Excluding weekends and legal holidays, the district judge has "7 days after the imposition of sentence" to correct its alleged error. Fed. R. Crim. P. 45(a), 35(c). The time limit is jurisdictional, United States v. Vega, 241 F.3d 910, 911-12 (7th Cir. 2001) (per curiam), and, furthermore, the motion must be ruled on by the district court within seven days, not simply filed with the clerk of court during that time. What this means is that a court's failure to rule is functionally equivalent to an outright denial on the merits, thus "making the judgment final on the date the district judge's power to alter the sentence expired." United States v. Turner, 998 F.2d 534, 536 (7th Cir. 1993).

The First Circuit and we have held that the imposition of sentence occurs on the date the judgment is entered by the clerk of court. United States v. Clay, 37 F.3d 338, 340 (7th Cir. 1994); Turner, 998 F.2d at 536; Morillo, 8 F.3d at 869 n.8. The Government invites us to overrule Clay and Turner and join five other circuits in holding that a sentence isimposed on the day it is orally pronounced. See United States v. Aguirre, 214 F.3d 1122, 1125 (9th Cir. 2000);

United States v. Morrison, 204 F.3d 1091, 1093 (11th Cir. 2000); United States v. Layman, 116 F.3d 105, 108 (4th Cir. 1997); United States v. Abreu-Cabrera, 64 F.3d 67, 73-74 (2d Cir. 1995); United States v. Townsend, 33 F.3d 1230, 1231 (10th Cir. 1994); see also People v. Cepeda, 1986 WL 68898 at *3 (D. Guam 1986). This is not the ideal case for reconsidering the wisdom of our prior decisions, given that our holding does not turn on which interpretation of the statute of limitations is more sound. The trial judge orally pronounced sentence February 16, 2001, and the clerk entered judgment February 22, but Wisch's motion was not ruled on until March 9. Thus, regardless of whether the clock began to run on February 16 or February 22, the trial court's jurisdiction had lapsed before the date of its ruling. At this juncture, therefore, it is enough summarily to reaffirm our belief that the holdings in Clay and Turner are justified by the text of the rule, congressional intent, and compelling pragmatic considerations. See Andrew P. Rittenberg, Comment, "Imposing" a Sentence under Rule 35(c), 65 U. Chi. L. Rev. 285 (1998).

By applying the "Entry of Judgment Rule" consistently with the tolling requirements of Rule 4(b) of the Federal Rules of Appellate Procedure, we minimize any confusion about the appellate statute of limitations that might lead to the forfeiture of direct appeals due to untimely filings./2 See United States v. Evans, 92 F.3d 540, 545 (7th Cir. 1996). In addition, by granting district courts several extra days to correct clearly obvious mistakes--but not, it must be emphasized, to reimpose sentences based on a subsequent change of heart, see Poretta, 116 F.3d at 300 (quoting advisory committee notes)--we also strike a proper balance between finality in judgments and judicial economy. "Given the absurdity, inefficiency, and cost of requiring an appeal to correct an obvious mistake, it makes sense to adopt the more lenient standard, so long as doing so does not open the door to abuse." Rittenberg, supra at 312. We are unaware of many instances when our district courts have abused their discretionary authority under Rule 35(c), and we are confident that a firm application of the rule's narrow "clear error" standard offers more than ample protection against

the threat of improper alterations tosentences after they are orally pronounced. See, e.g., United States v. Richardson, 1996 U.S. Dist. LEXIS 21887, 1998 WL 59874 at *1 (N.D. Ill. 1998) (acknowledging yet properly applying rule's harsh jurisdictional and substantive provisions); United States v. Mosley, 1997 U.S. Dist. LEXIS 12624, 1997 WL 534160 at *5 (N.D. Ill. 1997) (same). We see no reason to further limit the time period allowed for such alterations.

In the case before us, the time period for correcting Wisch's sentence expired nearly a full business week prior to the date when the district court ruled on Wisch's pleading. Although the district judge could have ruled that the motion was untimely, we also agree that it was proper for him to have denied the motion on the basis that he was not authorized to grant the substantive relief sought. "Because the district court did not impose [Wisch's] sentence as a result of 'arithmetical, technical, or other clear error,' the district court correctly held that it lacked jurisdiction to correct the sentence under Federal Rule of Criminal Procedure 35(c)." United States v. Durham, 178 F.3d 796, 800 (6th Cir. 1999).

The judgment of the district court is AFFIRMED.

FOOTNOTES

/1 Wisch was charged with three separate crimes relating to each of seven specific gun sales. These charges included: (1) knowingly and wilfully falsifying the true identity of the customer; (2) wilfully selling the firearm without noting on Form 4473 the customer's name, age, and residence; and (3) omitting or wilfully making false entries on the form. Wisch additionally was charged with a single count of conspiracy to defraud the United States by impeding, impairing or obstructing the lawful functions of the ATF.

/2 A pending Rule 35(c) motion tolls the time for appealing the judgment entered by the district court. See Evans, infra at 545. In Dumont, 936 F.2d at 294, we held that a defendant could not enjoy the benefits of tolling because he filed a freestanding "motion to reconsider sentence" rather than a motion which invoked Rule 35(c). Although we commented that "motions seeking relief that the district judge no longer is authorized to provide . . . do not affect the

time for appeal," id., this statement must not be read out of context. Given that a court cannot know if it is empowered to grant relief until it first reviews the substance of the pleading, we did not mean to imply that a motion expressly filed under Rule 35(c) will toll the appellate filing deadline only if it is deemed meritorious ex post. Any good faith motion expressly relying on Rule 35(c) will suspend the time limits imposed by Federal Rule of Appellate Procedure 4(b). See United States v. Ibarra, 502 U.S. 1, 6-7 (1991); United States v. Healy, 376 U.S. 75, 80 & n.4 (1964); United States v. Barragan-Mendoza, 174 F.3d 1024, 1026-27 (9th Cir. 1999).