# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3367

_____

United States of America,       *
      *
      Appellee,       *
      *    Appeal from the United States
      v.       *    District Court for the
      *    Northern District of Iowa.
Scotter Clark,       *
      *     [UNPUBLISHED]
      Appellant.       *

_____

Submitted:  October 30, 2002

Filed:  November 18, 2002

_____

Before McMILLIAN, MURPHY, and RILEY, Circuit Judges.

_____

PER CURIAM.

Scotter Clark, an inmate in the federal correctional facility in Greenville, Illinois, appeals from the final order entered in the District Court[1] for the Northern District of Iowa, denying his postsentencing motions to correct his presentence report (PSR) and his judgment and commitment (J&C), and for reconsideration. For the reasons discussed below, we dismiss the appeal as untimely.

_____

[1]The Honorable Michael J. Melloy, United States Circuit Judge, sitting by designation as United States District Judge for the Northern District of Iowa.

In October 2001, more than a year after he was sentenced, Clark moved in the sentencing court--purportedly pursuant to Fed. R. Crim. P. 32--to correct his PSR and his J&C; he later cited Fed. R. Crim P. 36 as a basis for the motion. On May 9, 2002, the district court entered its order denying Clark's motion, with certain exceptions. On June 3 Clark filed a motion to reconsider, which the court denied in an order entered on July 25. On September 18 Clark filed a notice of appeal designating both orders.

Under the appeal time limits for criminal appeals, Clark's notice of appeal is untimely as to both orders he seeks to appeal. See Fed. R. App. P. 4(b)(1)(A)(i) (in criminal case, notice of appeal must be filed within 10 days of entry of judgment or order being appealed); United States v. Austin, 217 F.3d 595, 597 (8th Cir. 2000) (timely notice of appeal is mandatory and jurisdictional, and timeliness may be raised sua sponte). Further, Clark's motion for reconsideration did not toll the period for filing a notice of appeal as to the original order, see Fed. R. App. P. 4(b)(3); Austin, 217 F.3d at 597 (while federal rules provide for renewed appeals period after ruling on some criminal postjudgment motions, motion for "reconsideration" is not listed among them); and in any event, the September 18 notice of appeal was untimely even as to the July 25 entry of the order denying his motion for reconsideration. Accordingly, we must dismiss Clark's appeal as untimely.

We note that the relief Clark seeks might be available under 28 U.S.C. § 2241, see United States v. Leath, 711 F.2d 119 (8th Cir. 1983), although he must file such a petition in the district court for the district in which he is confined, in the United States District Court for the District of Columbia, or in any district in which the Bureau of Prisons maintains a regional office, see United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.