ALDISERT, J.,
Concurring.
It may be that the disposition of the panel determines the contours of the re *670 mand to the District Court. In an abundance of caution, however, I deem it prudent to request the District Court to consider an issue that has not been raised by the parties—the possible relevance or application of the time limits set forth in Rule 35(a) of the Federal Rules of Criminal Procedure. Rule 35(a) states, “[w]ithin seven days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.” See, e.g., Romandine v. United States, 206 F.3d 731, 737 (7th Cir.2000) (“The judge’s apparent belief that he could retain control over the sentence indefinitely just by announcing at sentencing that he reserves the right to alter it cannot be reconciled with [Federal Rule of Criminal Procedure 45(b) ] which forbids the extension of the time limits in Rule 35.”).
The original sentence having been imposed on September 7, 2006, the limitation of actions provision may have precluded the District Court from pronouncing a second sentence on February 7, 2007, because this was over seven days after Johnson was first sentenced for violating conditions of supervised release. This issue does not go to the District Court’s jurisdiction in the sense previously described in Part IV of the panel’s opinion, in which we rejected the Appellant’s challenge. Neither does it encroach upon the District Court’s general power to modify a period of supervised release at any time, as set out in 18 U.S.C. § 3583(e).
I leave it for the District Court to decide in the first instance whether the limitation of action provision of Rule 35(a) applies to the sentencing following revocation of supervised release. I ask the court to examine this issue ab initio because the present seven-day limitation replaced the previous version in then Rule 35(b) that provided that the court could act “within 120 days after the sentence is imposed or probation is revoked ” (emphasis added).
In Addonizio v. United States, 573 F.2d 147, 151 (3d Cir.1978) (Aldisert, J.), this Court previously compared the broad authority of the sentencing court in the 120-day rule (“virtually unlimited power”) with the restrictions inherent in 28 U.S.C. § 2255. Although reversed on other grounds, the Supreme Court made it clear that “[t]he time period ... is jurisdictional and may not be extended.” United States v. Addonizio, 442 U.S. 178, 189, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Similarly, courts interpreting the present seven-day limitation have held that it, too, is jurisdictional. See, e.g., United States v. Lopez, 26 F.3d 512 (5th Cir.1994); United States v. Wisch, 275 F.3d 620 (7th Cir.2001); United States v. Austin, 217 F.3d 595, 598 (8th Cir.2000). Significantly, these sister Courts of Appeal have interpreted the seven-day rule to include attempts by district courts to enlarge the original sentence, as in Lopez and Austin, as well as to decrease it, as in Wisch.
As Justice Alito recently made clear, “[statutes of limitations serve a policy of repose____ They ‘represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time....’” Ledbetter v. Goodyear Tire and Rubber Co., Inc., — U.S. -, -, 127 S.Ct. 2162, 2170, 167 L.Ed.2d 982 (2007) (quoting United States v. Kubrick, 444 U.S. 111, 117, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)). Here, the seven-day period was imposed to guarantee the right to take an appeal within 10 days after imposition of a sentence. See Rule 4(b), Federal Rules of Appellate Procedure (providing that the appeal must be filed within 10 days of the entry of the judgment or order in criminal cases).
Moreover, I have not been able to locate any suggestion that in drafting the change from 120 days to seven days, the *671 Advisory Committee on Criminal Rules intended that Rule 35(a) was not to apply to sentences imposed upon revocation of supervised release. See 134 F.R.D. 495, 516-521 (1991) (discussing Rule 32.1 Revocation or Modification of Probation or Supervised Release and Rule 35 Correction or Reduction of Sentence, and explaining that “[subdivision (c) [now (a) ] is intended to adopt, in part, a suggestion from the Federal Courts Study Committee 1990 [Chaired by Joseph F. Weis, Jr., J.] that Rule 35 be amended to recognize explicitly the ability of the sentencing court to correct a sentence ... if the error is discovered shortly after the sentence is imposed____ The [Study] Committee believed that the time for correcting such errors should be narrowed within the time for appealing the sentence____”).
Because Rule 35(a) is a limitations of action provision, I believe that its presence should not be ignored, and that the District Court should have the initial opportunity to consider it.