NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 10, 2010
Decided February 17, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 08-4222

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 05-cr-980-1 |
| CRAIG VENSON, *Defendant-Appellant.* | Blanche M. Manning, *Judge*. |

**O R D ER**

Craig Venson pleaded guilty to 18 criminal counts, including one count of conspiring to possess with intent to distribute large amounts of heroin, crack, and cocaine, *see* 21 U.S.C. §§ 841(a)(1), 846; eight counts of possessing with intent to distribute multiple controlled substances, *see id.* § 841(a)(1); and nine counts of using a telephone to facilitate the distribution of drugs, *see id.* § 843(b). He was sentenced to concurrent terms of 262 months in prison for the conspiracy count and two drug possession counts, 240 months for each of the remaining § 841(a)(1) counts, and 48 months for each of the § 843(b) counts. Venson appeals, but his appointed counsel has moved to withdraw because he cannot identify any nonfrivolous argument to pursue on appeal. *See Anders v. California*, 386 U.S. 738, 744

(1967).  Venson opposes counsel's motion.  *See* Cir. R. 51(b).  We confine our review to the potential issues identified in counsel's facially adequate brief and Venson's response.  *See United States v. Schuh,* 289 F.3d 968, 974 (7th Cir. 2002); Cir. R. 51(b).

Counsel begins by telling us that Venson does not wish to withdraw his plea, and Venson, in his response, does not dispute counsel's representation.  Thus counsel properly refrains from discussing possible challenges to the voluntary nature of the plea or the adequacy of the plea colloquy.  *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Next, counsel and Venson both assess whether the district court erred by applying a two-level increase to his sentence under U.S.S.G. § 2D1.1(b)(1) for possession of a gun in connection with Venson's criminal conduct.  At sentencing the government offered evidence of Venson's involvement in a shooting incident and a "gun-trade" deal.  The shooting victim identified Venson as the gunman, and bullet casings recovered from the scene later matched a gun found in Venson's coconspirator's apartment, which he regularly used to store large quantities of drugs.  Regarding the gun trade, the government provided a recording of a phone call in which Venson admitted to having one weapon, and then told his associate to get him a second gun so he could make a two-for-one trade.  Venson argues that this evidence was insufficient to support an increase under § 2D1.1(b)(1) because there is no proof that the gun deal ever took place, and his presentence report included an FBI agent's statement that "there was no evidence that any of the defendants were known to carry firearms during drug transactions or otherwise."

We agree with counsel, however, that any argument challenging the § 2D1.1(b)(1) application would be frivolous because the government met its burden of proving that Venson possessed at least one gun during the commission of his crimes.  *See United States v. Womack*, 496 F.3d 791, 797 (7th Cir. 2007).  The government did not need to prove that Venson used a gun in furtherance of one of his offenses, only that he possessed a gun during the offense.  *See United States v. Rollins*, 544 F.3d 820, 837 (7th Cir. 2008).  Even if the gun deal did not go through, as Venson claims, the recording contains his admission that he possessed at least one gun.  As for the shooting, the victim's identification as well as the matching physical evidence recovered from both the crime scene and Venson's coconspirator's apartment was sufficient evidence to link Venson to the gun.  Evidence of either of these incidents would be sufficient to support the guidelines application.

Next, counsel considers whether Venson could argue that the district court erred by applying a four-level increase under U.S.S.G. § 3B1.1(a) for his leadership role in the conspiracy.  To qualify for the § 3B1.1(a) increase, Venson must have been an "organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."  *See* U.S.S.G. § 3B1.1(a).  In his plea declaration and at sentencing, Venson

conceded that he qualified for a two-level increase under § 3B1.1(a) for his role as an organizer or leader of his three direct subordinates, but he denied that the conspiracy involved, or that he controlled, at least five participants as required under § 3B1.1(a).

Counsel correctly concludes that it would be frivolous for Venson to challenge the four-level increase because the district court properly found that at least five others had participated in Venson's drug operation. The court accepted the government's evidence—testimony from an FBI agent, transcripts from related court proceedings, and recorded phone calls—to find that at least four individuals delivered drugs for Venson and that at least four others had been convicted of the drug conspiracy. This evidence—together with Venson's admission that he controlled three of the coconspirators—was more than enough to support the district court's assessment of a four-level increase under § 3B1.1(a). *See United States v. Blaylock*, 413 F.3d 616, 621 (7th Cir. 2005).

Counsel also considers whether Venson could challenge the reasonableness of his sentence. Counsel notes that the court did not provide a lengthy statement as to its findings rejecting Venson's arguments for mitigation (i.e., the effects of an untreated injury, testimony from his wife and letters from his family describing his good character, and the relative sentences that his codefendants had received).

As counsel points out, however, any challenge to Venson's sentence would be futile. First, the district court correctly calculated Venson's within-guidelines sentence, and we presume a within-guidelines sentence to be reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Panaigua-Verdugo*, 537 F.3d 722, 727 (7th Cir. 2008). Second, although the court said little in response to Venson's arguments in mitigation, it did agree with the government that Venson had refused the medical treatment arranged by the marshals. Finally, the court properly applied the statutory factors set forth in § 3553(a), again endorsing the government's arguments that Venson had a long and violent criminal history, that he had not learned from his past prison sentences, and that he deserved a longer sentence than his codefendants because he was at the very top of the drug distribution conspiracy. Although brief, the district court's explanation of its sentencing decision sufficiently demonstrates that the court properly considered the § 3553(a) factors and adequately addressed Venson's arguments in mitigation. *See United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005).

Finally, counsel assesses whether Venson could challenge the district court's denial of his motion to correct sentencing. *See* FED. R. CRIM. P. 35(a). Venson filed his Rule 35(a) motion seven days after judgment was entered, arguing that the court should reconsider its § 3B1.1(a) assessment because one of the named participants allegedly had been cleared at

sentencing of the conspiracy count—thereby removing the factual basis for a § 3B1.1(a) increase.

We agree with counsel that any challenge to the district court's denial of the Rule 35(a) motion would be frivolous. Although Venson timely filed the motion, the court did not rule on it within the jurisdictional seven-day time period specified in Rule 35(a).[1] FED. R. CRIM. P. 35(a); *see United States v. Wisch*, 275 F.3d 620, 625 (7th Cir. 2001). The expiration of the time limit before the court has ruled is treated as the functional equivalent to a denial on the merits, and the judgment becomes final "on the date the district judge's power to alter the sentence expired." *Wisch*, 275 F.3d at 626 (quoting *United States v. Turner*, 998 F.2d 534, 536 (7th Cir. 1993)). Moreover, Rule 35(a) motions are very narrow and allow the court to correct a sentence only for "arithmetical, technical, or other clear error"; reconsideration of the discretionary application of the guidelines is inappropriate. *See United States v. Clark*, 538 F.3d 803, 809 (7th Cir. 2008). In Venson's case, not only did his renewed § 3B1.1(a) challenge fall outside the scope of Rule 35(a), but the court had no authority to act after the seven-day time period expired.

We therefore GRANT the motion to withdraw and DISMISS Venson's appeal.

---

[1] Rule 35(a) was amended in December 2009 to lengthen the filing time for Rule 35(a) motions to 14 days.