# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1864

_____

Joshua Richard Ackerland,         *

                            *

         Appellee,         *

                            *    Appeal from the United States

     v.                *    District Court for the

                            *    District of North Dakota.

United States of America,     *

                            *

         Appellant.       *

_____

Submitted:  December 15, 2010
Filed:  February 16, 2011

_____

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Joshua Richard Ackerland pled guilty to conspiracy to distribute and to possess with intent to distribute 500 grams or more of methamphetamine. The district court sentenced Ackerland to 96 months' imprisonment. The court later granted Ackerland's motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, concluding that it incorrectly calculated Ackerland's criminal history score under the sentencing guidelines at sentencing. The government filed a motion to reconsider, which the district court denied. The government appeals the district court's orders. We vacate the order vacating Ackerland's sentence and remand for further proceedings.

# I.

In September 2007, Ackerland pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The statutory minimum penalty was 120 months' imprisonment, and the maximum penalty was life imprisonment. 21 U.S.C. § 841(b)(1)(A). The district court calculated an advisory guideline range of 188 to 235 months' imprisonment, based on a total offense level of 35 and a criminal history category of II. The court based the criminal history score on two prior misdemeanor convictions, one for driving under the influence and another for possession of drug paraphernalia. The government then moved pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e) to reduce Ackerland's sentence below the statutory minimum term based on his provision of substantial assistance. The court granted the motion and imposed a sentence of 96 months' imprisonment, followed by five years of supervised release.

In March 2009, Ackerland moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Ackerland argued that the district court erroneously calculated his criminal history score by assessing a criminal history point for the conviction involving possession of drug paraphernalia. He urged that this error caused him to be scored in criminal history category II, and thus made him ineligible for relief under 18 U.S.C. § 3553(f) and USSG § 5C1.2, the so-called "safety-valve" provisions. These provisions allow the court to sentence a defendant below a statutory minimum term of imprisonment that is otherwise applicable. The guideline applicable to Ackerland's drug trafficking offense further provides for a two-level decrease in the base offense level if the defendant meets the safety-valve criteria. USSG § 2D1.1(b)(16). Ackerland also argued he was entitled to relief because he received ineffective assistance of counsel, in violation of the Sixth Amendment.

The district court granted Ackerland's § 2255 motion and ordered resentencing. The court concluded that Ackerland's prior misdemeanor conviction for possession of drug paraphernalia was uncounseled and that there was no evidence that Ackerland waived his right to counsel. Citing *Alabama v. Shelton*, 535 U.S. 654 (2002), and *United States v. Cousins*, 455 F.3d 1116 (10th Cir. 2006), the court determined that an uncounseled misdemeanor conviction that results in a suspended sentence cannot be used to enhance a sentence for a subsequent offense. The court therefore ruled that the uncounseled conviction, which resulted in a suspended sentence of 12 months' imprisonment, should not have contributed to Ackerland's criminal history score. On this basis, the court vacated Ackerland's sentence and ordered a resentencing hearing. The court did not address Ackerland's ineffective assistance of counsel claim.

The government then filed a motion to reconsider, and submitted evidence to show that Ackerland waived his right to counsel before he pled guilty to the drug paraphernalia offense. The district court concluded that the government could have presented the new evidence at the original hearing, and denied the motion. The government appeals, challenging the district court's order granting the § 2255 motion and its order denying the motion to reconsider.

II.

After the government's appeal was docketed, Ackerland moved to dismiss the appeal of the district court's underlying order granting the § 2255 motion. Ackerland asserted that this portion of the appeal was untimely under Federal Rule of Appellate Procedure 4(a)(1)(B), because it was filed more than sixty days after the district court's order. Because the order vacating Ackerland's sentence was filed on February 8, 2010, Ackerland argued that the government's notice of appeal was untimely when filed on April 15, 2010.

Under Rule 4(a)(1)(B), when the United States is a party, a notice of appeal must be filed "within 60 days after the judgment or order appealed from is entered." Rule 4(a)(4) provides, however, that when a party files certain specified motions, the time to file an appeal runs from the district court's entry of the order disposing of the motion. Ackerland contends that Rule 4(a)(4) is inapplicable, because the government's "motion to reconsider" is not one of the tolling motions listed in the rule.

We conclude that the government timely filed its notice of appeal. Although we have discouraged the use of a self-styled motion to reconsider "that is not described by any particular rule of federal civil procedure," *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988), we typically construe such a filing as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment. *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008). While it is sometimes difficult to discern whether a motion to reconsider arises under Rule 59(e) or Rule 60(b), *see Sanders*, 862 F.2d at 168 & n.11, the distinction makes no difference here. Under the current version of Rule 4(a)(4), motions filed under both rules toll the running of Rule 4(a)(1)(B)'s sixty-day period until the district court enters an order disposing of the motion. Fed. R. App. P. 4(a)(4)(A). Thus, the government had sixty days from March 9, 2010 – the day the district court denied the motion to reconsider – to file its notice of appeal. The notice filed on April 15 was timely.

Ackerland relies on *United States v. Whitford*, 758 F.2d 329 (8th Cir. 1985) and *United States v. Austin*, 217 F.3d 595 (8th Cir. 2000), to show that the appeal is untimely. In both cases, this court held that motions to reconsider did not extend the time for filing a notice of appeal under Rule 4, but neither decision is controlling here. *Whitford* is inapposite because this court construed the motion at issue as a Rule 60(b) motion, and under the version of Rule 4(a)(4) in effect at the time, Rule 60(b) motions did not toll the appeal period. *See* 758 F.2d at 331; Fed. R. App. P. 4 advisory

-4-

committee's note (discussing 1993 amendments to subdivision (a)(4)). *Austin* is distinguishable, because it involved an appeal from a judgment in a criminal case, and was therefore governed by Rule 4(b) and the Federal Rules of Criminal Procedure. *See* 217 F.3d at 597. For the reasons discussed, the government's notice of appeal was timely filed, and we deny Ackerland's motion to dismiss the government's appeal of the district court's order granting the § 2255 motion.

III.

On the merits, the government argues that the district court erred in vacating Ackerland's sentence, because Ackerland's plea agreement included a waiver of his right to seek collateral relief under § 2255, and the court cited no valid reason to avoid the waiver. A defendant may waive the right to seek collateral relief under § 2255. *Chesney v. United States*, 367 F.3d 1055, 1058 (8th Cir. 2004); *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). Such a waiver is enforceable when the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and waiver, and enforcement of the waiver would not result in a miscarriage of justice. *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc).

Ackerland's plea agreement provides that "[e]xcept for a claim of ineffective assistance of counsel, the defendant . . . waives all rights to contest defendant's conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255." R. Doc. 95, at ¶ 23. The district court rejected the government's waiver argument in one sentence, stating that "in the agreement, Ackerland reserved his right to appeal an illegal sentence." This was error.

The plea agreement does not include a reservation of rights with respect to "an illegal sentence." The agreement does say that Ackerland waives his right to appeal pursuant to 18 U.S.C. § 3742(a), "reserving only the right to appeal from an upward

departure from the applicable Guideline range." This reservation, however, applies only to a direct appeal, not to a collateral attack under § 2255, and in any event, the challenge at issue involves the district court's computation of a criminal history score under Chapter Four of the Guidelines Manual, not an "upward departure from the applicable Guideline range." *See* USSG § 1B1.1, comment. (n.1)(E) ("'Departure' means . . . imposition of a sentence outside the applicable guideline range or of a sentence that is otherwise different from the guideline sentence."); *Irizarry v. United States*, 553 U.S. 708, 714 (2008) ("'Departure' is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines.").

Our cases, as opposed to Ackerland's plea agreement, do establish that an otherwise valid waiver of post-conviction rights or appeal rights does not prevent a defendant from attacking "an illegal sentence." *Andis*, 333 F.3d at 891-92; *DeRoo*, 223 F.3d at 923. The en banc court in *Andis*, however, emphasized that "the illegal sentence exception to the general enforceability of an appeal waiver is an extremely narrow exception." 333 F.3d at 892. The court elaborated as follows: "*Any sentence imposed within the statutory range is not subject to appeal. Specifically, an allegation that the sentencing judge misapplied the Sentencing Guidelines* or abused his or her discretion *is not subject to appeal in the face of a valid appeal waiver.*" *Id.* (emphases added).

The district court's ruling is contrary to these clear statements from *Andis*. Ackerland's sentence was within the statutory range. His claim accepted by the district court was that the sentencing judge misapplied the sentencing guidelines by miscalculating his criminal history score. The "illegal sentence exception" thus provides no basis for Ackerland to avoid his waiver of the right to contest his sentence in a post-conviction proceeding.

*　　　*　　　*

For the foregoing reasons, the district court's order of February 8, 2010, granting Ackerland's motion to vacate his sentence is vacated, and the case is remanded for further proceedings.  Given this disposition, the government's appeal of the district court's denial of the motion to reconsider is moot.

_____