**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5187**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ALOUIS LEVORGE TAYLOR, a/k/a Alouise Levorge Taylor,

              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:08-cr-00331-PMD-1)

Submitted: July 29, 2011         Decided: August 9, 2011

Before KING, GREGORY, and KEENAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

J. Mitchell Lanier, J. MITCHELL LANIER, PA, Moncks Corner, South Carolina, for Appellant. William N. Nettles, United States Attorney, Nathan S. Williams, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alouis Levorge Taylor pled guilty to possession with intent to distribute five grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006). The district court initially sentenced Taylor to a total of 106 months' imprisonment. The Government, however, moved to correct the sentence under Fed. R. Crim. P. 35(a), arguing that the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372 (reducing sentencing disparity between powder cocaine and cocaine base), was not retroactively applicable and that a variance under 18 U.S.C. § 3553(a) (2006) could not be used to implement a sentence below the statutory mandatory minimum. The district court determined that it had clearly erred in retroactively applying the FSA and resentenced Taylor to the pre-FSA statutory mandatory minimums, totaling 180 months' imprisonment.

On appeal, counsel contends that the district court erred in correcting the judgment beyond the fourteen-day period permitted under Rule 35(a) and that the stated reason for correcting the sentence was beyond the scope of the rule. We conclude, and the Government concedes, that the district court did not have jurisdiction to amend the judgment under Rule

2

35(a).  See United States v. Shank, 395 F.3d 466, 469-70 (4th Cir. 2005) (concluding time period in Rule 35(a) is jurisdictional); United States v. Wisch, 275 F.3d 620, 626 (7th Cir. 2001) ("[T]he motion must be ruled on by the district court within [fourteen] days, not simply filed with the clerk of court during that time.").  Accordingly, we vacate the 180-month sentence set forth in the amended judgment and remand to the district court with instructions to impose the sentence pronounced on September 27, 2010.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

VACATED AND REMANDED