IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2008

Charles R. Fulbruge III
Clerk

No. 06-30429

UNITED STATES OF AMERICA

Plaintiff-Appellant

v.

JAMES HAYES

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

The district court granted Appellee James Hayes's motion for reconsideration, finding that he is entitled to habeas relief under 28 U.S.C. § 2255 because his sentencing counsel provided ineffective assistance. The district court resentenced Hayes to 210 months' imprisonment, thereby reducing his sentence by 150 months. The United States appeals, requesting that we vacate the order and reinstate Hayes's prior sentence of 360 months' imprisonment or, in the alternative, that we remand this case for an evidentiary hearing regarding the ineffective assistance of counsel claim. For the following reasons, we VACATE the district court's grant of habeas relief and REMAND this matter for an evidentiary hearing regarding the ineffective assistance of counsel claim.

I.

Hayes was originally convicted of: (1) conspiring to distribute more than fifty grams of cocaine base ("crack cocaine") in violation of 21 U.S.C. §§ 841(a)(1) and 846 and (2) distribution of more than five, but less than fifty grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Based upon two prior felony convictions in Louisiana state court, the presentencing report ("PSR") determined that Hayes was a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. The PSR reveals that Hayes was arrested for cocaine distribution on December 23, 1993, and he was sentenced on September 19, 1994, to twenty-five years, with twenty years suspended. Hayes was arrested for armed robbery and being an accessory after the fact to purse snatching on December 22, 1993. These sentences are running concurrently with his sentence for cocaine distribution. See United States v. Hayes, 342 F.3d 385, 387 (5th Cir. 2003).

On July 31, 2002, Hayes was sentenced to 360 months' imprisonment for each count, to run concurrently. At the sentencing hearing, Hayes's counsel, Edward Grady Partin, orally moved for a departure from the guideline range but did not object to the finding that Hayes was a career offender.

On August 22, 2002, Hayes appealed his conviction and sentence to this Court. Hayes, 342 F.3d at 385. Hayes also requested that we remand the case "to permit supplementation of the record" on the issue of whether "his sentences were consolidated for sentencing purposes" because, if his prior convictions were functionally consolidated, then the career offender enhancement would not apply. Id. at 389. We rejected Hayes's argument that his prior state convictions were factually consolidated, thereby affirming the district court's finding that Hayes is a career offender; reversed Hayes's conviction for conspiracy to distribute more than fifty grams of crack cocaine; and remanded for resentencing for conspiracy to distribute more than five but less than fifty grams of crack

2

cocaine.[1]  Id. at 392.  Furthermore, we denied Hayes's request for a remanded evidentiary hearing.  Id. at 389.

On remand, at the March 10, 2004, resentencing hearing, Hayes called Reginald J. McIntyre, the Chief Public Defender for the relevant Louisiana state court, to testify about common charging, plea, and sentencing practices in that court.  Specifically, McIntyre testified that during plea bargaining, Hayes's two state convictions plus an additional conviction were functionally consolidated and handled as one case, "it would be just one sentence for all three of the acts, all three of the cases."  In fact, Hayes was initially offered a deal of 25 years for all three cases, but the consolidated offer was reduced to 20 years because one of the offenses had a maximum penalty of 20 years.  McIntyre further testified that he has never seen a formal written consolidation order in his court, even when cases are functionally consolidated and that although these cases had separate docket numbers, the sole purpose for doing so was to increase the number of convictions for statistical purposes.  Finally, McIntyre testified that because these cases were functionally consolidated, if Hayes is convicted of another crime, Louisiana will treat him as a second offender, notwithstanding the supposed three separate convictions.

On March 31, 2004, the district court noted that our limited remand foreclosed the ability to reconsider Hayes's classification as a career offender.  Nonetheless, the district court went on to say:

> [I]f this same evidence [from Mr. McIntyre] and objection had been made at the original sentencing hearing on behalf of Mr. Hayes at that time, I would not have applied the career offender status to this defendant, because I believe that as a matter of fact under the circumstances of this particular case after hearing all of the evidence that there was a so-called functional consolidation . . . .

---

[1] For a more in-depth discussion of the factual and procedural background underlying Hayes's convictions, see Hayes, 342 F.3d at 386-88.

On April 6, 2004, the district court entered judgment resentencing Hayes to 360 months' imprisonment.

On February 14, 2005, Hayes filed a pro se motion under 28 U.S.C. § 2255, alleging six grounds for habeas relief, including ineffective assistance of counsel because Mr. Partin did not challenge the career offender enhancement at Hayes's original sentencing hearing. On May 9, 2005, the district court dismissed Hayes's § 2255 motion with prejudice. On May 16, 2005, Hayes filed a motion for reconsideration of the denial of his § 2255 motion with regards to the ineffective assistance of counsel claim and requested the appointment of counsel. After appointing counsel, on August 24, 2005, the district court granted Hayes's motion for reconsideration and vacated his prior sentence. The district court found that, based upon Mr. McIntyre's testimony, a "functional consolidation occurred" so "the career offender enhancement should not have been applied." United States v. Hayes, No. 2:01-CR-311-2, 2005 WL 2061001, at *3 (E.D. La. Aug. 24, 2005). The district court continued:

> Regardless of what the Fifth Circuit said on direct appeal, this court would have imposed a different and lesser sentence if defense counsel had raised a proper objection prior to or at the original sentencing hearing. Petitioner has established that his counsel's deficient performance prejudiced Petitioner and resulted in a demonstrable enhancement in his sentence.

Id. at *4. Accordingly, on March 15, 2006, the district court held a resentencing hearing, and, on March 17, 2006, the district court entered judgment sentencing Hayes to 210 months' imprisonment.

On March 20, 2006, Hayes filed a notice of appeal from the denial of five of his six grounds for § 2255 relief. Both the district court and this Court denied Hayes a certificate of appealability, and these claims are not before us. On April 18, 2006, thirty-two days after the district court entered its judgment, the government filed its notice of appeal, arguing that the district court improperly granted Hayes's motion for reconsideration.

II.

As a threshold matter, we asked the parties to brief whether the government's notice of appeal was timely. The government's notice of appeal, filed on April 18, 2006, provided that "[p]ursuant to Fed. R. App. P. 4(b)(1)(B)(ii)," the government was appealing "from the final judgment and sentence, imposed after granting reconsideration of denial of Section 2255 relief, as final and entered on March 17, 2006."

In Andrews v. United States, the Supreme Court stated: "Where, as here, what was appropriately asked and appropriately granted was the resentencing of the petitioners, it is obvious that there could be no final disposition of the § 2255 proceedings until the petitioners were resentenced." 373 U.S. 334, 340 (1963). In other words, the Supreme Court found that when a § 2255 petitioner is granted a resentencing, the government may not appeal that finding until after the resentencing occurs because "until the court acts, none of the parties to the controversy will have had a final adjudication of his claims by the trial court in these § 2255 proceedings." Id.; United States v. Stitt, 459 F.3d 483, 485 (4th Cir. 2006) ("Subsequent cases interpreting Andrews squarely hold that a district court's judgment vacating a sentence does not become final–and thus is not appealable–until the court has resentenced the defendant.").

Here, the district court found that Hayes was entitled to resentencing when it granted the motion for reconsideration on August 24, 2005. However, the resentencing hearing occurred on March 15, 2006, and final judgment was entered on March 17, 2006. Thus, the government could not have filed an appeal before March 17. Under Federal Rule of Appellate Procedure 4(a)(1)(B), the government has sixty days to appeal from the judgment or order in a civil case. The government properly asserts that this case–as a habeas proceeding–is a civil

case that falls within the parameters of Rule 4(a).[2] See United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) ("As a section 2255 proceeding is civil and has the government as a party, the sixty-day limit of Fed. R. App. P. 4(a) applies."). The government's filing on April 18, 2006, was well within the sixty-day deadline, and, therefore, we find that this appeal is properly before us.

## III.

We now turn to the merits of Hayes's ineffective assistance of counsel claim. Hayes argues that his counsel at the original sentencing hearing was ineffective because he did not object to the career offender enhancement and did not present testimony from a state public defender regarding common plea and sentencing practices in that state court. To prevail on an ineffective assistance of counsel claim a defendant must show "both that: (1) trial counsel's performance was deficient and (2) that the deficient performance prejudiced the defense." Unites States v. Mullins, 315 F.3d 449, 453 (5th Cir. 2002); see also Strickland v. Washington, 466 U.S. 668, 687-94 (1984). The first prong is only satisfied where the defendant shows that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687. It is well-established that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Id. at 690-91.

Hayes was sentenced as a career offender under U.S.S.G. § 4B1.1, which provides, in pertinent part, that the defendant must have "at least two prior

---

[2] The government erroneously cited Rule 4(b)(1)(B) in its notice of appeal. Hayes argues that the government is bound by this error and its notice of appeal is thereby untimely. Even if Hayes is correct that Rule 4(b)(1)(B) applies, this argument lacks merit. Under Rule 4(b)(1)(B), in a criminal case the government has thirty days to appeal from "the later of: (I) the entry of the judgment or order being appealed; or (ii) the filing of a notice of appeal by any defendant." Accordingly, under this rule, the government's notice of appeal had to be filed within thirty days of March 20, 2006, when Hayes filed his notice of appeal. The government satisfied this condition when it filed on April 18, 2006. Thus, under either Rule 4(a) or Rule 4(b), the government's notice of appeal was timely.

felony convictions of either a crime of violence or a controlled substance offense." However, "[p]rior sentences imposed in related cases are to be treated as one sentence." Id. at § 4A1.2; United States v. Kates, 174 F.3d 580, 584 (5th Cir. 1999) ("If the defendant's prior convictions constitute 'related cases' within the meaning of [ ] § 4A1.2(a)(2), they will not be treated separately for career offender purposes."). "[P]rior sentences are considered related if they resulted from offenses that . . . were consolidated for trial or sentencing." Id. at § 4A1.2 cmt. n.3.[3]

Here, the PSR informed defense counsel that the predicate for the career offender enhancement involved (1) offenses that were not separated by an intervening arrest and (2) concurrent sentences imposed on the same day in the same jurisdiction. These facts should have led counsel to make a reasonable investigation into the matter of functional relatedness, especially given the severity of the career offender enhancement. That investigation would have revealed, inter alia, that the state court at issue does not issue formal consolidation orders and retains separate docket numbers even in consolidated cases; and, most importantly, that if Hayes commits another offense, Louisiana will treat him as a second offender, notwithstanding the supposed three separate convictions. This latter fact patently demonstrates that Hayes's prior state convictions were functionally consolidated and that had defense counsel discovered these facts, he had a strong basis for objecting to the career offender enhancement. Indeed, the district court has already indicated that he would not

---

[3] Until § 4A1.2 was amended in 2007, the comment provided that:

Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2 cmt. n.3.

have applied the enhancement had he been presented with these additional facts at sentencing and we would have been required to defer to this factual finding on appeal. See Buford v. United States, 532 U.S. 59, 60 (2001); see also United States v. Moreno-Arredondo, 255 F.3d 198, 203 n.10 (5th Cir. 2001).

The Government argues, however, that had defense counsel objected to the career offender enhancement in the first instance, any such objection would have been futile and/or precluded by our case law. We disagree. The Government is correct that we have previously determined that "sentencing on the same day and/or in the same proceeding" as well as "imposition of identical, concurrent sentences" do not warrant, by themselves, a finding of consolidation/relatedness. United States v. Huskey, 137 F.3d 283, 288 (5th Cir. 1998); see also United States v. Metcalf, 898 F.2d 43, 46 (5th Cir. 1990) ("[W]e do not believe that sentencing on two distinct cases on the same day necessitates a finding that they are consolidated."); United States v. Ainsworth, 932 F.2d 358, 361 (5th Cir. 1991) ("Simply because the cases were sentenced together has little to do with whether they were in fact consolidated."); United States v. Paulk, 917 F.2d 879, 884 (5th Cir. 1991) ("Simply because sentences run concurrently and were imposed on the same day does not require the sentences to be consolidated for guideline purposes absent a showing of a close factual relationship between the convictions."). Furthermore, we have recently determined that a finding of unrelatedness under similar circumstances was not improper. See United States v. Meza, 250 F. App'x 651, 654 (5th Cir. 2007) (unpublished).

Nonetheless, the Government fails to appreciate several critical reasons why our prior case law is inapposite. First, the Supreme Court has already indicated in Buford that "the fact-bound nature of the decision [of functional relatedness] limits the value of appellate court precedent." 532 U.S. at 66. Second, two additional facts in this case render our prior case law distinguishable: (1) the district court found that the state court at issue does not

8

issue formal consolidation orders and retains separate docket numbers even in cases that are functionally consolidated; and (2) if Hayes commits another offense, Louisiana will treat him as a second offender, not a fourth offender. None of these facts existed in any of the cases cited by the Government, all of which support the district court's finding of functional relatedness in this case. Third, all but one of the cases cited by the Government are pre-Buford cases, all of which applied a de novo standard of review. Fourth, all of the cases cited by the Government reviewed and affirmed a district court's finding that functional relatedness does not exist; none of which stand for the proposition that had the district court concluded that functional relatedness existed under the facts of those cases, this court would have reversed that finding under a deferential standard of review. In other words, none of the cases cited by the Government support the proposition that had the district court concluded that Hayes's two prior state convictions were functionally related in the first instance, this court would have found an abuse of discretion. In fact, the Government does not cite a single case from this court or any court -- and our additional research has not found any -- in which the panel reversed a district court's finding of functional relatedness post-Buford. Thus, there is no support for the Government's assertion that had defense counsel raised the appropriate objection, it would have been futile and/or precluded by our case law. To the contrary, given the district court's indication that it would not have applied the enhancement along with the deferential standard of review Buford requires, it appears that any such objection would have been decidedly meritorious.

In short, defense counsel did not object to the career offender enhancement even though Hayes was sentenced post-Buford and a reasonable investigation would have revealed the he had a strong basis for objecting to the enhancement. Failing to raise that objection and present any evidence on this issue cost Hayes 150 months, which is demonstrably prejudicial.

Despite the apparent merit of the career offender objection, we have no way to analyze the potential strategy behind the decision made by counsel. Because the district court did not hold an evidentiary hearing, we would be engaging in speculation, preventing adequate review of the district court's judgment as to whether defense counsel performed unreasonably under Strickland. Thus, we grant the alternative relief sought by the Government, vacate the district court's order granting habeas relief, and remand for an evidentiary hearing. See United States v. Culverhouse, 507 F.3d 888, 898 (5th Cir. 2007) (remanding matter to district court for evidentiary hearing, noting that "[w]ithout any evidence as to counsel's strategy, we refuse to make hindsight guesses on the matter").

### IV.

The district court's order granting habeas relief is VACATED and this matter is REMANDED to the district court for an evidentiary hearing regarding the ineffective assistance of counsel claim.