In the

# United States Court of Appeals
### For the Seventh Circuit

No. 17-1680

STACY M. HAYNES,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

Appeal from the United States District Court
for the Central District of Illinois.
No. 16-4106 — **Joe Billy McDade**, *Judge*.

ARGUED OCTOBER 4, 2017 — DECIDED OCTOBER 17, 2017

Before BAUER, EASTERBROOK, and MANION, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. In 1998 Stacy Haynes was convicted of 12 federal crimes and sentenced to life plus 105 years in prison. His direct appeal was unsuccessful. *United States v. Haynes*, No. 98-1460 (7th Cir. Jan. 13, 1999) (unpublished order). A collateral attack under 28 U.S.C. §2255 also failed. But after the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), and in *Welch v. United States*, 136 S. Ct. 1257 (2016), made *Johnson* retroactive on col-

lateral review, we authorized Haynes to pursue another collateral attack. See 28 U.S.C. §§ 2244(b)(2)(A), 2255(h)(2).

*Johnson* holds that the residual clause in 18 U.S.C. §924(e)(2)(B)(ii) is unconstitutionally vague. That clause labels as a violent felony a crime that "involves conduct that presents a serious potential risk of physical injury to another". Our court has held that other similarly worded clauses elsewhere in the Criminal Code also are unconstitutional. See *United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015) (18 U.S.C. §16(b)); *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) (18 U.S.C. §924(c)(3)(B)). The district court concluded that *Johnson*, as understood in *Vivas-Ceja* and *Cardena*, implies the invalidity of yet another residual clause, the one in 18 U.S.C. §3559(c)(2)(F)(ii). *Haynes v. United States*, 237 F. Supp. 3d 816, 823 (C.D. Ill. 2017). Haynes's life sentences depend on that residual clause, the judge determined, and he held that Haynes must be resentenced. The Supreme Court has under advisement a case, *Sessions v. Dimaya*, No. 15–1498 (argued Oct. 2, 2017), that may reveal whether *Vivas-Ceja* and *Cardena* correctly applied *Johnson*, but the district judge properly treated those decisions as controlling unless the Justices say otherwise.

Although he concluded that Haynes must be resentenced, the judge did not set aside any of Haynes's convictions. Haynes argued that three of his §924(c) convictions depend on a conclusion that interstate travel in aid of racketeering, 18 U.S.C. §1952(a)(2), is a crime of violence. Section 924(c) makes it a crime to use a firearm when committing a crime of violence. Knock out the classification of a predicate offense as a crime of violence and you knock out the §924(c) conviction.

The district court recognized that Hobbs Act robbery, 18 U.S.C. §1951, is a crime of violence under the elements clause of §924(c)(3)(A) rather than the residual clause of §924(c)(3)(B). See *United States v. Anglin*, 846 F.3d 954, 964–65 (7th Cir. 2017), remanded on other grounds, No. 16–9411 (U.S. Oct. 2, 2017). The elements clause designates as a crime of violence a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another". *Johnson* does not affect the elements clauses of §924(c)(3)(A) and comparable statutes. See *Stanley v. United States*, 827 F.3d 562 (7th Cir. 2016); *Yates v. United States*, 842 F.3d 1051 (7th Cir. 2016). The district court concluded that Haynes's §1952(a)(2) convictions should be classified the same way as the §1951 offense, because his interstate travel set the stage for robberies. Haynes immediately appealed, and his brief in this court contends that, whatever may hold for Hobbs Act robbery, the crime of interstate travel for the purpose of committing racketeering does not satisfy the elements clause of §924(c)(3)(A).

When this collateral attack began, Haynes contested the six life sentences he had received under §3559(c)—one for each conviction under §1951 or §1952—plus his six convictions under §924(c). He won in part and lost in part. The resentencing that has been ordered on the §1951 and §1952 convictions may well affect the sentences on the §924(c) convictions, if only because the norm is to resentence on all counts when any conviction is vacated or needs a new sentence. See *United States v. Pennington*, 667 F.3d 953, 958 n.3 (7th Cir. 2012); *United States v. Shue*, 825 F.2d 1111, 1113–14 (7th Cir. 1987). Sentencing under 18 U.S.C. §3553(a) and the Sentencing Guidelines requires the court to craft a penalty appropriate to the offender and all related convictions and

relevant conduct. After removing the life sentences that had been mandated by §3559(c), the district judge must select new sentences for the §1951 and §1952 convictions. The length of those sentences may affect the appropriate length of the §924(c) sentences as well.

So this proceeding is not over. Until the judge has resentenced Haynes, a step that lies in the future, it is not over on *any* of the 12 counts of conviction, because the new sentences will affect all 12. See *Garner v. United States*, 808 F.3d 716 (7th Cir. 2015). But even if the district judge were not planning to resentence Haynes on the three §924(c) counts that he contests in this court, the appeal would be premature. The unit of finality in federal criminal law is the indictment, not a single count of an indictment. Although the Criminal Appeals Act, 18 U.S.C. §3731, permits the United States to appeal from an order dismissing a single count, see *United States v. Davis*, 793 F.3d 712 (7th Cir. 2015) (en banc) (discussing how §3731 departs from ordinary rules of finality), a defendant normally must wait until the whole prosecution has been completed, and every count has been finally resolved, before taking an appeal. *Holman v. Gilmore*, 126 F.3d 876, 881 (7th Cir. 1997); *United States v. Kaufmann*, 951 F.2d 793, 795 (7th Cir. 1992). Otherwise cases would be fractured. Take Haynes's situation: an appeal concerning the validity of three §924(c) counts may well be followed by another appeal concerning the length of the sentences still to be imposed on six or more counts, plus the relation between those sentences and the sentences on the §924(c) convictions.

When this appeal was briefed, both Haynes and the United States assumed that finality in proceedings under §2255 is evaluated without regard to impending resentenc-

ing. They treated the request for collateral relief as a separate suit, which ended when the district court announced that some convictions required new sentences and that other convictions would not be vacated. But that's not how the Supreme Court in *Andrews v. United States*, 373 U.S. 334 (1963), understood the effect of an order requiring a defendant's resentencing.

Andrews and a codefendant filed §2255 motions contending that their sentences were invalid because they had not been offered an opportunity for allocution. After the district judge agreed, the United States appealed. The court of appeals reversed, holding that the absence of an opportunity to address the sentencing judge was not a ground of collateral relief under §2255. The Supreme Court reversed in turn, holding that the district court's decisions were not final and were not subject to interlocutory appeal under the Criminal Appeals Act, which does not apply in §2255 proceedings. The Court concluded that, when a judge in a §2255 proceeding orders a resentencing, the §2255 proceeding is not over, and the decision is not appealable, until that resentencing has occurred.

*Andrews* did not entail multiple counts for each defendant, nor did it present a situation in which a collateral attack under §2255 leads to resentencing on some counts while the validity of others is unaffected. But it strongly suggests that the §2255 proceeding is not over until any required resentencing has occurred, after which an appeal from the new sentence presents all issues in the §2255 proceeding and the criminal case alike. At least five circuits have so understood it, holding that in multicount situations the final resolution must be achieved on all counts before the decision may be

appealed with respect to any count. See *United States v. Hammer*, 564 F.3d 628, 632–34 (3d Cir. 2009); *United States v. Hayes*, 532 F.3d 349, 352 (5th Cir. 2008); *United States v. Futch*, 518 F.3d 887, 894 (11th Cir. 2008); *United States v. Stitt*, 459 F.3d 483, 485–86 (4th Cir. 2006); *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000). We recognize that *Ackerland v. United States*, 633 F.3d 698 (8th Cir. 2011), permitted the prosecutor to appeal in a §2255 proceeding in advance of resentencing, but that decision contradicts *Andrews*, a case the Eighth Circuit did not mention. Indeed, the Eighth Circuit did not discuss finality at all. (It discussed whether the appeal was timely but not whether the district court's decision was final.)

At oral argument we asked the parties to file memoranda discussing *Andrews* and later decisions such as *Hammer*. To their credit, they acknowledged the jurisdictional problem. We understand why Haynes filed an immediate appeal; his lawyer was concerned that, if he waited until the resentencing, the prosecutor might contend that the time to appeal had expired. But with today's opinion the law in the Seventh Circuit is clear. We agree with *Hammer*, *Hayes*, *Futch*, *Stitt*, and *Martin*, and we hold that, whether a §2255 proceeding concerns one count or many counts, when a district court orders resentencing on any count, the decision is not final until the new sentence has been imposed.

The appeal is dismissed for want of jurisdiction.