**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 10, 2020*
Decided April 27, 2020

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

Nos. 19-1477 and 19-2634

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeals from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 93 CR 20026-2 |
| ALBERT EDWARDS, <br> *Defendant-Appellant*. | Philip G. Reinhard, <br> *Judge*. |

**O R D E R**

After spending more than two decades in prison, Albert Edwards became eligible for a sentence reduction under the First Step Act. When he moved for relief under the Act, the district court reduced his sentence of 440 months' imprisonment to 344 months—roughly equivalent to time served. But it deferred ruling on Edwards' request to reduce his 10-year term of supervised release until it could hold a hearing. Edwards appealed. Several months after Edwards' release from prison, the court issued

---

* We have agreed to decide the appeals without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

a second order reducing his supervision to the statutory minimum of six years. Edwards appealed again. He contends that the district court was required to modify his prison sentence and his supervised release at the same time, and because it did not, he has no supervision to serve. Because the first order was not a final judgment, however, we dismiss Edwards' first appeal for lack of appellate jurisdiction. In the second appeal, we affirm the court's final judgment because it acted within its authority when it briefly deferred ruling on Edwards' request to reduce his supervision.

In 1994, a jury found Edwards guilty of conspiracy to distribute cocaine base (i.e., crack cocaine), in violation of 21 U.S.C. § 846, and of using or carrying a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c). During the sentencing hearing, the court determined that Edwards was responsible for 18 grams of cocaine base and that he had a prior conviction for a serious drug felony. This meant that Edwards was subject to a Sentencing Guidelines range of 360 months to life in prison for the conspiracy conviction, as well as mandatory minimums of 10 years of imprisonment and 8 years of supervision under 21 U.S.C. § 841(b)(1)(B) (1994). Edwards' other conviction carried a separate mandatory sentence of five years. *See* 18 U.S.C. § 924(c). The court imposed 380 months' imprisonment and 10 years' supervised release for conspiracy, along with five years' imprisonment for possession of the firearm, for a total of 440 months' imprisonment and 10 years' supervision.

In 2010, Congress passed the Fair Sentencing Act, which amended 21 U.S.C. § 841 to reduce the disparity between sentences for powder and crack cocaine offenses. *Compare* 21 U.S.C. § 841(b)(1)(B) (1994) *with* 21 U.S.C. § 841(b)(1)(B) (2018). Had Edwards been sentenced for conspiracy to distribute cocaine base under the amended statute, the 18 grams attributed to him would have carried a *maximum* sentence of 30 years' imprisonment—20 months less than the sentence he received—and a minimum of 6 years' supervision rather than 8. But because this amendment was not retroactive, Edwards could not take advantage of it until Congress passed the First Step Act in 2018. That statute allows defendants who were sentenced before the 2010 amendments to seek a reduced sentence, as if the amendments had been in effect when their offense was committed. *See* Pub. L. No. 115-391, 132 Stat. 5194, § 404 (2018).

Edwards moved for relief under the Act, and the district court appointed counsel to represent him. Edwards' counsel and the government filed a joint status report, agreeing that Edwards was entitled to relief. They stipulated that Edwards' conviction for conspiracy to distribute cocaine base was covered by the Act, and that today the same conviction would yield a reduced guidelines range of 262 to 327 months' imprisonment and a new mandatory minimum of six years' supervised release. They

jointly recommended that the court reduce his prison sentence for the conspiracy conviction to 282 months, while keeping intact his five-year sentence for the firearms conviction, for a total of 342 months' imprisonment. The government also notified the court that if it were to order an immediate end to Edwards' imprisonment, processing his release would take up to 10 days.

The court concluded that Edwards was entitled to relief and adopted the parties' recommendation in part. After reviewing Edwards' lengthy prison-discipline history and considering the government's request for time to process his release, the court exercised its discretion to impose a revised sentence of 344 months. The court also scheduled a hearing to review the conditions and length of Edwards' supervision, and deferred ruling on whether to grant Edwards relief as to his supervision until that hearing. The court ordered that, in the meantime, Edwards' current sentence of 10 years of supervision would remain operative. The court then entered an amended judgment, reducing the length of Edwards' confinement but modifying no other part of its original judgment. Edwards appealed. He was released from prison a month later.

Several months later, the court modified the length and conditions of Edwards' supervised release. Edwards (now proceeding pro se) objected that the court lacked jurisdiction to impose supervision. He argued that the court had already resentenced him without imposing a new term of supervision, and that the deadline for correcting the sentence under Federal Rule of Criminal Procedure 35 had passed. But the court explained that it was not correcting Edwards' sentence under Rule 35; it was reducing it under the First Step Act. It further explained that it had deferred ruling on Edwards' supervision so that he could be released from prison without waiting for a hearing on his conditions of supervision. Moreover, the court reasoned, it could modify the conditions of supervised release under Rule 32.1, regardless of the First Step Act motion. The court then entered a second amended judgment reducing the length of Edwards' supervision from 10 years to 6 years and modifying the conditions of his supervision to reflect updated circuit precedent. The court clarified that it was modifying no other part of its prior judgment. Edwards again appealed, and we consolidated the two appeals.

Before turning to the merits of Edwards' appeals, we must consider whether we have jurisdiction to hear them. The district court entered the second amended judgment after Edwards had already appealed the first amended judgment. If that appeal was proper, the district court lacked jurisdiction to further modify Edwards' sentence. The filing of a notice of appeal typically divests a district court of jurisdiction over the matter being appealed. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58

(1982). And although 18 U.S.C. § 3583(e)(2) allows a district court to modify the conditions of supervised release "at any time," we have previously held that parties and district courts must use the process under Seventh Circuit Rule 57 to modify terms of supervision while an appeal is pending. *United States v. Ray*, 831 F.3d 431, 438–39 (7th Cir. 2016). The parties did not use Circuit Rule 57 in this case, and the district court never addressed how the first notice of appeal affected its jurisdiction.

We need not dwell on this procedural issue, however, because Edwards' first appeal was not proper and therefore did not divest the district court of jurisdiction. *See JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.*, 707 F.3d 853, 860 n.7 (7th Cir. 2013); *United States v. Bastanipour*, 697 F.2d 170, 173 (7th Cir. 1982). We lack jurisdiction over the first appeal because it is an impermissible interlocutory appeal of a nonfinal judgment. Our jurisdiction is limited to appeals from final decisions in the district court, with certain exceptions not relevant here. 28 U.S.C. § 1291; *See also* 18 U.S.C. § 3742(a) (limiting defendant appeals of sentences to "final sentence[s]"). A decision is final when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *United States v. Sealed Defendant Juvenile Male (4)*, 855 F.3d 769, 771 (7th Cir. 2017). The district court's order reducing Edwards' prison sentence did not fully resolve Edwards' motion for relief under the First Step Act. Indeed, the court expressly continued the motion as it pertained to supervised release, and decisions that "specifically contemplate further activity in the district court are generally not final." *Star Ins. Co. v. Risk Mktg. Grp. Inc.*, 561 F.3d 656, 659 (7th Cir. 2009) (quoting *Trustees of Pension, Welfare & Vacation Fringe Benefit Funds of IBEW Local 701 v. Pyramid Electric*, 223 F.3d 459, 463 (7th Cir. 2000)). The first amended judgment allowed Edwards' release; it was not a signal that the court was finished with the case. *Cf. Haynes v. United States*, 873 F.3d 954, 957 (7th Cir. 2017) (in habeas action, district court order granting resentencing was not final until court imposed a new sentence). Edwards thus could not appeal until the court ruled on the balance of his motion, entered the second amended judgment, and its decision became final.

In any event, although we consolidated the appeals for briefing, Edwards' brief challenges only the court's authority to impose the second amended judgment. Because we have jurisdiction to review that order, which fully resolved Edwards' motion, we consider all of Edwards' arguments.

Edwards contends that the ruling that modified his supervised release is "void" because, after amending the judgment once, the district court lost jurisdiction to further modify his sentence. He argues that, by making the Fair Sentencing Act retroactive, the First Step Act vacated his sentence (including the supervised release component) for

conspiracy to distribute cocaine base. Thus, Edwards maintains, the court's failure to impose a new term of supervision in it its first amended judgment means that Edwards' sentence did not include supervision. And he argues that the court could no longer impose supervision after the deadline for correcting the sentence under Rule 35 passed.

Edwards' contentions fail for several reasons. First, his premise is wrong: The First Step Act did not vacate his sentence for conspiracy or require the court to re-impose supervised release before he could be held to it. The Act is not self-executing; judicial action is needed to change any sentence. And such action is discretionary; the statute states that "[a] court that imposed a sentence for a covered offense *may …* impose a reduced sentence" but "[n]othing in this section shall be construed to *require* a court to reduce any sentence pursuant to this section." 132 Stat. 5194, § 404(b) and (c) (emphasis added). Further, the court did not fail to address Edwards' request for a reduced term of supervision. It explicitly deferred decision and ordered that the original 10-year term of supervision remain in place in the meantime. (Therefore, if we were to vacate the second order as Edwards requests, he would not be free of supervision—he would be subject to the original 10-year term of supervision, and he would lose the benefit of the court's modification to his conditions of supervision.)

Edwards' reliance on Rule 35 is also misplaced. As the district court explained, it was relying on the First Step Act, not Rule 35, to shorten the term of Edwards' supervision (and on Rule 32.1 to adjust the conditions). Section 404(c) of the Act prohibits a court from modifying a sentence if it previously granted or denied relief "after a complete review of the motion on the merits." But here, the court deferred ruling on Edwards' request to reduce the length of his supervision without *any* review of the merits. Nothing prohibited the court proceeding that way to expedite Edwards' release after the reduction of the prison sentence. A district court possesses great authority to manage its caseload, and we will interfere with a court's scheduling decisions only if it acted unreasonably. *United States v. Winbush*, 580 F.3d 503, 508 (7th Cir. 2009). Given that the court's scheduling decisions benefited Edwards, we see no basis for concluding that those decisions were unreasonable.

We therefore DISMISS Edwards' appeal (No. 19-1477) of the district court's first amended judgment for lack of appellate jurisdiction, and we AFFIRM the second amended judgment (No. 19-2637).