**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-6060

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

SAMUEL KEITH KERR, II,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:08-cr-00302-FL-1; 5:16-cv-00648-FL)

Argued: March 12, 2021                               Decided: June 14, 2021

Before GREGORY, Chief Judge, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished opinion. Chief Judge Gregory wrote the opinion, in which Judge Floyd and Judge Thacker joined.

**ARGUED:** Eric Joseph Brignac, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. David A. Bragdon, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** G. Alan DuBois, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

GREGORY, Chief Judge:

After pleading guilty, Samuel Keith Kerr II was convicted of conspiracy to commit robbery and for using a firearm in relation to a crime of violence. Following *United States v. Davis*, 139 S. Ct. 2319 (2019) and *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc), Kerr filed a § 2255 motion to vacate his firearm convictions on the grounds that his conspiracy conviction did not serve as a predicate crime of violence under § 924(c). The Government joined Kerr's motion, and the court vacated Kerr's firearm offenses and scheduled a resentencing. About three months later—but before the resentencing—the Government realized it made a mistake. It filed a Rule 60(b) motion seeking to amend the judgment and reinstate the firearm convictions, which the court granted. We affirm the district court's order amending the judgment, as the court's initial judgment was an interlocutory one, and Rule 54(b) permits a court to revise an interlocutory order at any time prior to final judgment.

## I.

In 2008, Kerr pleaded guilty to one count of conspiracy to commit Hobbs Act Robbery, 18 U.S.C. § 1951, and to two counts of using a firearm in relation to a crime of violence, 18 U.S.C. § 924(c). According to the charges,[1] Kerr and his co-conspirators robbed several stores and a restaurant from July 5 to July 9, for sums of cash ranging from $150 to $850. Kerr's § 924(c) charges related to the robberies that took place on July 5

---

[1] Kerr's plea agreement did not lay out a separate account of the facts—it simply states that he agreed to "plead guilty to the three count Criminal Information filed herein." Plea Agreement, *United States v. Kerr*, No. 5:08-cr-302-f (E.D.N.C. Dec. 8, 2008).

and July 9; both charges stated that Kerr "knowingly used and carried a firearm during and in relation to a crime of violence prosecutable in a court of the United States, that is, robbery affecting interstate commerce in violation of Title 18, United States Code, Section 1951[.]" J.A. 17. Following Kerr's guilty plea, the district court sentenced him to 360 months, or 30 years, in prison.[2]

After the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), Kerr filed a pro se motion to vacate his § 924(c) charges under 28 U.S.C. § 2255. The trial court stayed proceedings pending the appeal in *Simms*, 914 F.3d at 233–37, where this Court held that conspiracy to commit Hobbs Act robbery could not serve as a predicate offense for a § 924(c) conviction. *See also Davis*, 139 S. Ct. at 2336. The Government subsequently joined Kerr's motion to vacate his firearm convictions because conspiracy to commit Hobbs Act robbery was no longer a valid predicate for § 924(c). Given the joint request, the court granted Kerr's § 2255 motion, vacating his § 924(c) convictions, vacating his sentence in its entirety, and scheduling a resentencing hearing. That same day, the court entered a judgment to the same effect.

About three months later, the Government realized it made a mistake. It filed a Rule 60(b) motion seeking to amend the judgment and reinstate the § 924(c) convictions. Though Kerr's § 924(c) convictions had been based on the same underlying conduct that formed the basis for his conspiracy conviction, the actual text of his charges referred to

---

[2] The court sentenced Kerr to 60 months' imprisonment for his conspiracy count and his first § 924(c) conviction, to run concurrently, and 300 months' imprisonment for his second § 924 conviction, to run consecutively.

3

substantive Hobbs Act robberies—not conspiracy—as the predicate crimes of violence for his § 924(c) convictions.  J.A. 17; *see also United States v. Mathis*, 932 F.3d 242, 266 & n.24 (4th Cir. 2019) (holding substantive Hobbs Act robbery to be a valid predicate for a § 924(c) conviction).

The court held a hearing on the Government's motion.  There, Kerr's attorney argued that the court should deny the motion to amend as untimely because the Government filed its motion more than 60 days after the court had vacated Kerr's convictions.  Kerr's attorney also argued that the Government's motion unfairly prejudiced Kerr; but for the Government's motion to amend, Kerr would have been released that day.  The district court granted the Government's motion and reinstated Kerr's § 924(c) convictions.  While the trial judge was "pained personally by this set of circumstances," she stated that she "clearly did not have the authority to grant the relief that [she] did," and that "the Government has established under Rule 60(b) of the Federal Rules of Civil Procedure[] that it is appropriate for this Court to set aside its prior judgment."  J.A. 85.

In a written order, the court held that the Government's motion was timely because a judgment that grants habeas relief and orders resentencing does not become final until the defendant is resentenced.  The court acknowledged that because the order was not final, the proper vehicle for amending it would not be Rule 60(b)—which governs final orders—but Rule 54(b), which permits reconsideration of interlocutory orders.  But because the parties' briefing focused on Rule 60(b), the court concluded that the Government's motion was timely under its more demanding standard.  Kerr appealed.

## II.

This Court granted Kerr a certificate of appealability "on the issue of when the 60-day period for filing a notice of appeal under Fed. R. App. P. 4(a) begins to run in a § 2255 proceeding when the order granting relief contemplates resentencing on counts that were not the subject of the § 2255 motion, but the resentencing has not yet occurred." ECF No. 22.

We review a court's decision to amend a judgment for abuse of discretion. *See Ward v. AutoZoners, LLC*, 958 F.3d 254, 271 (4th Cir. 2020). In the case of an amended judgment under Rule 60(b), we "may not review the merits of the underlying order; [we] may only review the denial of the motion with respect to the grounds set forth in Rule 60(b)." *MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277 (4th Cir. 2008) (quoting *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1993)). If, however, the underlying order is an interlocutory one, then Rule 60(b) does not apply. *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1473 (4th Cir. 1991). Rather, Rule 54(b) governs, and "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).[3]

---

[3] Rule 54(b) applies to § 2255 motions due to Federal Rule of Civil Procedure 81(a)(4) and Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts. *Cf. United States v. MacDonald*, 641 F.3d 596, 616 n.12 (4th Cir. 2011) (citing same authorities to explain why Federal Rule of Civil Procedure 15 applies to § 2255 proceedings); *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (noting that Federal Rule of Civil Procedure 60(b) applies to § 2255 proceedings to the extent that it is consistent with habeas rules).

### III.

### A.

On appeal, Kerr does not dispute that the district court erred by vacating his § 924(c) convictions. Instead, he argues that the court's order vacating the § 924(c) counts was final; that the Government's motion is untimely because it was filed beyond the 60-day timeline for appeal; and that the court therefore erred by amending its judgment. But because the court's order vacating the § 924(c) counts was not final, the court was free to revisit its judgment and correct its error.[4] *See* Fed. R. Civ. P. 54(b).

Section 2255 allows federal prisoners sentenced unlawfully to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). If the court finds the sentence unlawful, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b). Thus,

> the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence (and perhaps one or more of his convictions) and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence.

---

[4] If the court's order were final and Rule 60(b) were to apply, this Court has "held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991). While the district court accepted the Government's admission that they filed as soon as they discovered error, such negligence by the Government is no valid excuse for delay. *See Moses v. Joyner*, 815 F.3d 163, 167 (4th Cir. 2016) ("Were we to reverse the district court's ruling here as an abuse of discretion and accept as timely a motion filed two-and-a-half years after the appellant knew *or should have known* the basis for his 60(b) claim, the 'reasonable time' limitation in Rule 60(c)(1) would quickly lose all meaning.") (emphasis added).

*United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007).

A court's § 2255 order granting resentencing does not become final until re-sentencing is complete. *See Andrews v. United States*, 373 U.S. 334, 340 (1963). In *Andrews*, the district court granted two prisoners' § 2255 petitions because they had not been given the right to speak on their own behalf during their sentencing hearings. *Id.* at 337. The court scheduled resentencing, but the Government appealed. *Id.* The Supreme Court held that the Government's appeal was improper because the district court's order was a non-appealable interlocutory order. *Id.* Citing the "long-established rule against piecemeal litigation in federal cases," the Court stated that the rule of finality requires "that the judgment . . . should be final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved." *Id.* at 340 (quoting *Collins v. Miller*, 252 U.S. 364, 370 (1920)). "Until the petitioners are resentenced . . . . none of the parties to this controversy will have had a final adjudication of his claims by the trial court[.]" *Id.*; *see also United States v. Stitt*, 459 F.3d 483 (4th Cir. 2006) (applying *Andrews* to conclude that a § 2255 order granting a new capital sentencing hearing was not final).

In *Hadden*, this Court restated the rule in *Andrews*: "When . . . the district court remedies a § 2255 petitioner's unlawful sentence by resentencing him or correcting his sentence . . . [,] the § 2255 petition is not complete until the district court actually resentences the prisoner or corrects the prisoner's sentence." *Hadden*, 475 F.3d at 663. The defendant in *Hadden* had two drug convictions and a § 924(c) conviction, and the court granted the defendant's § 2255 motion with respect to his § 924(c) conviction. But instead of ordering a resentencing hearing, the trial court "effectively vacated at least a portion of Hadden's

7

original 228[-]month sentence by entering a new 168[-]month sentence on the remaining drug counts." *Id.* at 657. This Court concluded that the order correcting the sentence was a final order. *Id.* at 663.

**B.**

Kerr argues that the only relief he requested was for the court to vacate his § 924(c) convictions, and that this relief was complete and final when the court entered its order and judgment vacating his § 924(c) convictions. But "the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence . . . *and* one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence[.]" *Hadden*, 475 F.3d at 661 (emphasis added). A court has not fulfilled this mandate if it vacates a person's convictions only to maintain his sentence in jail as if he had committed the vacated offenses. Thus, Mr. Kerr's § 2255 remedy was not complete until his sentence had been re-entered to reflect the removal of any unlawful convictions. *See id.* at 669 (acknowledging that this Court embraces the sentencing package theory and the idea that "a sentence is not merely the sum of its parts"). That is why Mr. Kerr filed his motion, and why he expected the court's order granting relief to affect his sentence. *See* J.A. 69 ("He reasonably thought that he was going to be released today or could have thought that based on the amount of time served and [the Government] consenting to the defendant's motion.").

In reply, Kerr argues that vacatur of his § 924(c) convictions "corrected" his sentence and provided final relief under § 2255. *See* 28 U.S.C. § 2255(b). But § 2255 specifies that a court may "correct the *sentence*." *Id.* (emphasis added); *see also Hadden*,

8

475 F.3d at 661 (describing the "end result" of § 2255 relief as including "a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence"). Correcting the convictions—without correcting a person's sentence based on those convictions—is not enough to complete the relief afforded under the statute.

Rather, a district court "correct[s]" a sentence when the district court vacates the original sentence and enters a new one. As this Court explained in *Hadden*:

> To "correct" means to "make or set right." Merriam Webster's Collegiate Dictionary 280 (11th ed. 2004). This is precisely what the district court did here; it removed the error from Hadden's original sentence—and thereby made it "right"—by excising the unlawful 60 month term on the § 924(c) count and re-entering Hadden's original 168 month term on the drug counts . . . . If the phrase "correct[ing the prisoner's unlawful] sentence" means anything in this context, it must describe what the district court did here.

*Hadden*, 475 F.3d at 667–68 (alterations added in *Hadden*); *United States v. Chaney*, 911 F.3d 222, 224, 226 (4th Cir. 2018) (affirming the district court's decision "to strike that [unlawful] conviction and sentence" but "reimpos[e] . . . the sentences on the other two counts [], thereby 'indicat[ing] that it was satisfied with the resulting sentence'"). Here, the court did not correct Kerr's sentence because it had not yet entered a new sentence. Thus, the § 2255 relief it granted was not final.

Other circuits agree that a petitioner seeking to correct their sentence has not received final relief under § 2255 until the petitioner receives a new sentence. "At least five circuits have [understood *Andrews* to say] that in multicount situations the final resolution must be achieved on all counts before the decision may be appealed with respect to any count." *Haynes v. United States*, 873 F.3d 954, 956–57 (7th Cir. 2017) (citing *United States v. Hammer*, 564 F.3d 628, 632–34 (3d Cir. 2009); *United States v. Hayes*,

532 F.3d 349, 352 (5th Cir. 2008); *United States v. Futch*, 518 F.3d 887, 894 (11th Cir. 2008); *Stitt*, 459 F.3d at 485–86; *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000)).

## C.

Kerr also emphasizes that the district court entered a "judgment" following its order vacating his convictions and scheduling resentencing. *See* Opening Br. at 6, 10–11, 13. However, the court's entry of judgment does not transform an interlocutory order into a final one. The entry of judgment is a procedural action: its "sole purpose . . . [i]s to clarify when the time for appeal [] begins to run" in cases where the judgment accompanies a final order. *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 384 (1978). According to the Civil Rules Advisory Committee's comments to the 1963 rules amendment requiring a separate entry of judgment, "some difficulty ha[d] arisen, chiefly where the court has written an opinion or memorandum containing some apparently directive or dispositive words . . . . it ha[d] become a matter of doubt whether the purported entry of a judgment was effective, starting the time running for post-verdict motions[.]" *Id.* at 384–85. "The amended rule eliminates these uncertainties by requiring that there be a judgment set out on a separate document— distinct from any opinion or memorandum—which provides the basis for the entry of judgment." *Id.* at 385. The entry of judgment in a separate document is therefore a procedural action to mark when applicable time limitations begin to run—the entry itself does not transform an interlocutory order into a final one.

Rule 54 confirms this reading. Under Rule 54(b),

> any order or other decision, *however designated*, that adjudicates fewer than all the claims or the rights and liabilities . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added). While Rule 54(b) permits a district court to "direct entry of a final judgment" on an order resolving fewer than all claims, it may do so "only if the court expressly determines that there is no just reason for delay." *Id.* Thus, even if the court had intended to direct partial, final judgment in its initial order granting relief, the court could not have done so by entry of judgment without also expressly finding that there were no just reasons for delaying final judgment. *See MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010).

Consequently, the court's initial judgment granting Kerr § 2255 relief "adjudicate[d] fewer than all the claims or the rights and liabilities," meaning that it did not "end the action as to any of the claims" and could be revised "at any time before the entry of a judgment adjudicating all the claims[.]" Fed. R. Civ. P. 54(b). Accordingly, the court did not abuse its discretion by amending its initial judgment prior to resentencing.

## IV.

We recognize that the Government made an egregious error in this case. But because the Federal Rules of Civil Procedure provide flexibility to correct mistakes prior to final judgment, the court was free to amend the judgment before resentencing. For the foregoing reasons, we affirm the district court's judgment.

*AFFIRMED*